THE STATE, EX REL. IRIS SALES COMPANY, APPELLANT, *v.*
VOINOVICH ET AL., APPELLEES.

(No. 33494—Decided January 23, 1975.)

*Messrs. Turoff & Gisser,* for appellant.

*Mr. John T. Corrigan,* prosecuting attorney, *Mr. Thomas P. Cyrus, Mr. William J. Brown,* Attorney General, and *Mrs. Maryann B. Gall,* for appellees.

JACKSON, J. On December 5, 1972, plaintiff appellant, Iris Sales Company, filed this action on relation of the

State of Ohio and as a representative of a class consisting of all taxpayers of Cuyahoga County during the period of the complaint. The complaint alleges that the defendants, George Voinovich, County Auditor; Frank M. Brennan, County Treasurer; the Board of Tax Appeals; and the Board of Revision of Cuyahoga County, in violation of their statutory duties, established and maintained a discriminatory tax classification for country clubs and golf courses located in Cuyahoga County, Ohio.

The defendant Board of Tax Appeals filed a motion to dismiss the complaint on the grounds that: (1) it failed to state a proper cause for declaratory judgment relief under R. C. 2721.01 *et seq.*; (2) that the action was prohibited by R. C. 5703.38. The other defendants also joined in a motion to dismiss. This motion was based on the grounds that: (1) the complaint failed to state a claim upon which relief could be granted; (2) the court lacked jurisdiction of the subject matter. These motions to dismiss were granted on February 28, 1974.

Plaintiff appeals from this judgment granting the motions to dismiss. The single issue presented by this appeal is whether the trial court erred in granting defendants' motions.

For the reasons set out below, we affirm the judgment of the trial court.

A general rule regarding declaratory judgments is that where a special statutory method for the determination of a particular type of case has been provided, it is not proper to by-pass this statutory procedure by means of a declaratory judgment action. *Laub* v. *Wills* (1943), 72 Ohio App. 496, 509-510, citing *Borchard on Declaratory Judgments* (2d Ed.) at 342. *See also, Dayton Street Transit Co.* v. *Dayton Power & Light Co.* (1937), 57 Ohio App. 299.

Plaintiff cites Rule 57 of the Ohio Rules of Civil Procedure for the proposition that declaratory judgment relief is permissible in the present case. Civil Rule 57 reads as follows:

"The procedure for obtaining a declaratory judgment

pursuant to Sections 2721.01 to 2721.15, inclusive, of the Revised Code, shall be in accordance with these rules. *The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate.* The court may advance on the trial list the hearing of an action for a declaratory judgment.'' (Emphasis supplied.)

Plaintiff's reliance on Civil Rule 57 is misplaced. In *Katzenbach* v. *McClung* (1964), 379 U. S. 294, 296, Justice Clark, while interpreting Federal Rule 57, which is practically identical to the Ohio rule, stated as follows:

''But even though Rule 57 of the Federal Rules permits declaratory relief although another adequate remedy exists, it should not be granted where a special statutory proceeding has been provided.''

The existence of a special statutory procedure for the correction of any inequalities in real property taxation rates makes declaratory relief particularly inappropriate in the case at bar.

Plaintiff's declaratory judgment action essentiallly seeks two declarations:

(1) that a discriminatory classification of real property for tax purposes has been maintained by defendants;

(2) that said discriminatory classification is illegal and unconstitutional.

*If* such a discriminatory classification of real estate for tax purposes is maintained by defendants, a judgment declaring this discriminatory classification illegal and unconstitutional is unnecessary. Ample statutory and case law already exists on this subject. The second and third syllabi of *State, ex rel. Park Invest. Co.,* v. *Bd. of Tax Appeals* (1971), 26 Ohio St. 2d 161, read as follows:

''2. The Board of Tax Appeals has the mandatory duty, in the exercise of its supervisory power and duty, pursuant to R. C. 5715.01, to *take such steps as are necessary to effect an orderly correction of any inequalities in the percentage of true value at which all real property and all classes thereof are assessed for taxation.* (R. C. 5715.011, effective May 14, 1969.)

"3. Action taken pursuant to the mandatory provisions of R. C. 5715.01 and 5715.011 must carry out the constitutional command, set forth in Section 2 of Article XII of the Ohio Constitution, that 'land and improvements thereon shall be taxed by uniform rule according to value,' and the provisions of Section 1 of the Fourteenth Amendment to the Constitution of the United States."

Thus, what plaintiff really seeks is a finding of fact by the Common Pleas Court that a discriminatory tax classification exists. A special statutory procedure exists whereby the expertise of administrative agencies especially created and designed to make such factual findings may be utilized.

The board of tax appeals directs and supervises the assessment for taxation of all real property. The board must adopt, prescribe and promulgate rules for the determination of true value and taxable value of real property by uniform rule. R. C. 5715.01.

The county auditor must determine the taxable value of all real property in the county in accordance with uniform rules and methods of valuing and assessing as adopted, prescribed and promulgated by the board of tax appeals. R. C. 5713.03.

Each county must establish a board of revision which shall hear complaints and revise assessments of real property for taxation. R. C. 5715.01; R. C. 5715.02.

Any taxpayer may file a complaint as to the valuation or assessment of his own *or another's* real property. R. C. 5715.19. The procedure to be followed when such a complaint is filed is set forth in detail in R. C. 5715.19.[1]

---

[1]The pertinent portion of R. C. 5715.19 states as follows:

"The county auditor shall present to the county board of revision all complaints filed with him, and each board shall notify any such complainant and also the property owner, if his address is known, when the complaint is filed by one other than the property owner, by registered or certified mail, not less than ten days prior to the hearing, of the time and place the same will be heard, and shall hear and render its decision on such complaint within ninety days after the filing thereof with the said board.

"The determination of any such complaint shall relate back to the

An appeal from a decision of the county board of revision may be taken to the board of tax appeals. R. C. 5717.01.

The decision of the board of tax appeals may be appealed to either the Supreme Court of Ohio or the court of appeals for the county in which the property is situated. R. C. 5717.04.

As an alternative to the appeal to the board of tax appeals provided for in R. C. 5717.01, an appeal from the decision of a county board of revision may be taken di-

---

date when the lien for taxes for the current year attached or the date as of which liability for such year was determined, and liability for taxes for such year and each succeeding year until the complaint is finally determined and for any penalty for nonpayment thereof within the time required by law shall be based upon the valuation or assessment as finally determined. Each complaint shall state the amount of overvaluation, undervaluation, discriminatory valuation, or illegal valuation complained of, and the treasurer may accept any amount tendered as taxes upon property concerning which a complaint is then pending, computed upon the claimed valuation as set forth in the complaint, and if such tender is not accepted no penalty shall be assessed because of the nonpayment thereof. The acceptance of such tender shall be without prejudice to the claim for taxes upon the balance of the valuation or assessment. A like tender may be made, with like effect, in case of the pendency of any proceeding in court based upon an allegedly excessive, discriminatory, or illegal valuation. If a complaint filed under this section for the current year is not determined by the board within the time prescribed for such determination, the complaint and any proceedings in relation thereto shall be continued by the board as a valid complaint for any ensuing year until such complaint is finally determined by the board. In such case, the original complaint shall continue in effect without further filing by the original taxpayer, his assignee, or any other person or entity authorized to file a complaint under this section.

"Upon request of a complainant, the board of tax appeals shall determine the common level of assessment of real property in the county for the year stated in the request, which common level of assessment shall be expressed as a percentage of true value. Such determination shall be made on the basis of the most recent available sales ratio studies of the board of tax appeals and such other factual data as the board deems pertinent. Any valuation which varies from said common level of assessment by more than ten per cent thereof is prima facie discriminatory."

rectly to the court of common pleas by the person in whose name the property is listed or sought to be listed for taxation. R. C. 5717.05.

Rather than follow these statutory procedures, plaintiff has attempted to by-pass the county board of revision and the board of tax appeals by initiating this action in common pleas court.

Although Rule 57 of the Ohio Rules of Civil Procedure permits declaratory relief where appropriate, even when another adequate remedy exists, declaratory relief should not be granted in those situations where a special statutory proceeding has been provided for that purpose. Declaratory relief pursuant to Rule 57 of the Ohio Rules of Civil Procedure is inappropriate where it would result in the by-pass of a special statutory proceeding. The circumvention of these special statutory procedures would nullify the legislative intent to have specialized tax questions initially determined by boards and agencies specifically designed and created for that purpose.

Because Chapters 5715 and 5717 of the Ohio Revised Code establish special statutory procedures for testing the valuation and assessment of real property for tax purposes, declaratory judgment is an inappropriate remedy which should not be granted as an alternative to these statutory procedures.

In addition to the declaratory judgment relief, Count I of plaintiff's complaint also asks the common pleas court to order defendants to ". . . take such steps as are necessary to effect an orderly correction of all inequalities in the determination of true value of such real property . . . ." This is essentially a request for a writ of mandamus. Mandamus is not a proper remedy for plaintiff because he has a plain and adequate remedy in the ordinary course of law. *State, ex rel. Corron, v. Wisner* (1971), 25 Ohio St. 2d 160.

Count II of plaintiff's complaint also requests the court to order defendants to correct all inequalities in the determination of true value of real property. Although plaintiff has termed Count II a request for mandatory in-

junction, it is in reality another request for a writ of mandamus, and as such is clearly prohibited. *State, ex rel. Corron, v. Wisner, supra.* Mandamus is a writ issued in the name of the state to an inferior tribunal, corporation, board or person commanding the performance of an act required by law. R. C. 2731.01. Plaintiff brings this action on relation of the State of Ohio. The "mandatory injunction" seeks an order requiring defendants to do what they are already obliged to do under R. C. 5715.011 and *State, ex rel. Park Invest. Co, v. Bd. of Tax Appeals, supra.*

Insofar as the prayer for relief in Count II may be interpreted as a request for an order suspending or staying a directive of the board of tax appeals, such relief is clearly impermissible. R. C. 5703.38 provides that:

*"No injunction shall issue suspending or staying any order, determination, or direction of the department of taxation,* or any action of the auditor of state, treasurer of state, or attorney general required by law to be taken in pursuance of any such order, determination, or direction. This section does not affect any right or defense in any action to collect any tax or penalty." (Emphasis supplied.)

The decision of the trial court granting defendants' motions to dismiss is, accordingly, affirmed.

*Judgment affirmed.*

CORRIGAN, J., concurs.
KRENZLER, P. J., dissents.

KRENZLER, P. J., dissenting. I would reverse the judgment of the trial court dismissing this declaratory judgment action and, therefore, I respectfully dissent from the majority opinion for the following reasons.

This declaratory judgment action is properly brought since the allegations of the complaint clearly raise a justiciable issue that should be decided in this action. The prinicipal issue is whether the County Auditor created an illegal classification of real property called "country clubs or golf courses" for the purposes of the valuation of such

property for real estate taxes. This does not involve valuation of specific parcels of real property by the County Auditor nor a challenge to this valuation by appeal under Chapters 5715 and 5717 R. C.

The resolution of this issue can only be decided in this declaratory judgment proceeding because the filing of a complaint and appeal pursuant to the statutory remedy regarding the valuation of specific property would not answer the questions raised in the complaint as to whether the County Auditor created an illegal classification called "country clubs or golf courses."

In order to better understand declaratory judgment actions generally and the issues raised in this case, it is necessary to set forth the following material regarding the law of declaratory judgments.

Recently, governmental agencies and other defendants have been advancing theories which argue that when there is an alternative remedy or a special statutory proceeding regarding the general subject matter at issue, a declaratory judgment action cannot be maintained as a matter of law. Adoption of these philosophies amounts to repeal of the Declaratory Judgment Act provided for in Chapter 2721 R. C. by court fiat and would eliminate it as an independent action.

In 1933, Ohio adopted Chapter 2721 R. C., the Uniform Declaratory Judgment Act, whose provisions are remedial in nature and are to be liberally construed and administered. R. C. 2721.13; *Sessions* v. *Skelton* (1955), 163 Ohio St. 409; *Radaszewski* v. *Keating* (1943), 141 Ohio St. 489.

The provisions of this act are clear and unambiguous. Courts of record may declare rights, status and other legal relations whether or not further relief is or could be claimed and the court's declaration may be either affirmative or negative and such declaration has the effect of a final judgment or decree. R. C. 2721.02. Any person whose rights, status or other legal relations are affected by statute, municipal ordinance, contract or franchise may have determined any question of construction or validity arising under such statute, ordinance, contract or franchise and

obtain a declaration of rights, status or other legal relations thereunder. R. C. 2721.03. *Wilson* v. *Cincinnati* (1960), 171 Ohio St. 104.

Further, courts of record may refuse to enter a declaratory judgment or decree when such judgment or decree would not terminate the uncertainty or controversy giving rise to the proceeding. R. C. 2721.07. However, judgments rendered in declaratory judgment actions may be reviewed on appeal the same as other orders, judgments and decrees. R. C. 2721.08.

Several major issues have developed in regard to court interpretations under the Declaratory Judgment Act. They are (1) justiciable issues; (2) alternative remedies; (3) special statutory remedies; (4) termination of uncertainty or controversy and the trial court's discretion therein.

## I.

Declaratory judgment relief is statutory and the parties bringing the action must meet the statutory requirements. *Risman* v. *VanSweringen Co.* (1962), 88 Ohio Law Abs. 362. Also, courts will not give advisory opinions and in order for a declaratory judgment action to lie, there must be a justiciable controversy. *Schaefer* v. *First Natl. Bank* (1938), 134 Ohio St. 511.

## II.

A declaratory judgment action is an independent action created by statute and may be brought even though a party has an alternative remedy and is not limited to cases in which there is no other remedy available. *Schaefer* v. *First Natl. Bank, supra;* also see Civil Rule 57.

In order to better understand the alternative remedy issue, there are several other rules that must be examined. If a party has a legal remedy, he may not maintain an equitable action. *Schaefer* v. *First Natl. Bank, supra* at page 519. Also, if a party has available a legal or equitable remedy, he may not take advantage of extraordinary remedies, such as mandamus and prohibition. Further, a party must exhaust all of his administrative and other remedies before resorting to the use of extraordinary remedies, such as mandamus or prohibition. *State, ex rel.*

*Schindel,* v. *Rowe* (1971), 25 Ohio St. 2d 47; *State, ex rel. Lieux,* v. *Westlake* (1951), 154 Ohio St. 412. However, these rules do not apply to declaratory judgment actions because a declaratory judgment is not an extraordinary or equitable remedy but a remedy in the ordinary course of law. See *Realty Corporation* v. *Columbus* (1970), 21 Ohio St. 2d 265, at 268. This is especially so in regard to attempted compliance with administrative procedures when such attempted compliance would be a vain act. *Realty Corporation* v. *Columbus, supra* at page 267. Also see, *Kaufman* v. *Newburgh Heights* (1971), 26 Ohio St. 2d 217.

It is clear from the foregoing that a declaratory judgment is an independent action that may be brought even though a party has an alternative remedy, and it would be error to conclude *as a matter of law* that if a party has an alternative remedy he may not bring a declaratory judgment action.

### III.

A declaratory judgment action may not be brought or maintained if there is an exclusive statutory remedy or procedure, or if exclusive jurisdiction vests in some agency or some other court in the action presented. See *Dayton Transit Company* v. *Dayton Power and Light* (1937), 57 Ohio App. 299.

Examples of such exclusive statutory proceedings are control over utility rates and service by the Ohio Public Utilities Commission as provided for in Chapter 4909 R. C., licensing of insurance companies and approval of rates by the Ohio Insurance Commissioner as provided for in Title 39 of the Revised Code, suspension and revocation of liquor permits by the Ohio Board of Liquor Control as provided for in Chapter 4301 R. C., appeals of tax valuations to County Boards of Revision and to the Board of Tax Appeals or to the Common Pleas Court as provided for in Chapters 5715 and 5717 R. C., and disability and death claims under Workmen's Compensation as provided for in Chapter 4123 R. C.

The existence of a special or exclusive statutory procedure dealing with a portion of a general sub-

ject does not require a trial of all issues relating to that general subject in the special proceedings. In other words, all issues relating to real estate taxes do not have to be tried in appeals to the Board of Revision, or Board of Tax Appeals or Common Pleas Court under Chapters 5715 and 5717 R. C. Thus, a declaratory judgment action can be brought and maintained in cases dealing with issues other than appeals of real estate valuation; namely, as in this case, whether the County Auditor created an illegal classification of real property.

## IV.

R. C. 2721.07 states that the trial court may refuse to hear a declaratory judgment action and dismiss it if it would not terminate the uncertainty or controversy. It does not state whether or not it means *all* uncertainty or *all* controversy, or *some* uncertainty or *some* controversy. It is my view that this means that the action must at least terminate *some* uncertainty or *some* controversy before the trial court may entertain the action and it is not necessary to terminate *all* uncertainty or *all* controversy.

This conclusion is based on Chief Justice Weygandt's opinion in *Walker* v. *Walker* (1936), 132 Ohio St. 137, 139.

"* * * The declaratory judgment act is a salutary, remedial measure and should be liberally construed and applied, but * * * it does not require a court to render a futile judgment that 'would not terminate' any 'uncertainty or controversy' whatsoever."

Also, see *Radaszewski* v. *Keating, supra* at page 498.

Stated in affirmative terms, this means that a trial court may entertain a declaratory judgment action if its judgment would terminate some or any of the uncertainty or some or any of the controversy between the parties giving rise to the proceedings.

R. C. 2721.07 provides for discretion in the trial court; but it is a limited discretion wherein a trial court may refuse to render a declaratory judgment even though the declaration sought otherwise comes within the scope of the declaratory judgment action. In other words, a declaratory judgment may come within the scope of the act, but never-

theless R. C. 2721.07 provides a limited discretion to the trial court to refuse to render a judgment in the action when such judgment or decree would not terminate some of the uncertainty or controversy giving rise to the proceeding. *Ins. Co.* v. *Sadler* (1966), 6 Ohio App. 2d 161, 164.

Returning now to the issue of exclusive statutory remedy, there is no question but that the exclusive statutory remedy regarding appeals of valuation of specific parcels of property must be pursued and decided through County Boards of Revision and further appeals taken to the Common Pleas Court or the State Board of Tax Appeals in accordance with Chapters 5715 and 5717 R. C.

However, the issue raised in this case is whether the County Auditor illegally created a classification such as "golf courses or country clubs" and it cannot be tested in the foregoing appeal procedure, because such a procedure is only concerned with the valuation of a specific parcel of real property. Therefore, the plaintiff should be allowed to maintain this declaratory judgment action. Otherwise, the issues raised in this complaint could not be decided.

There is no question that if the County Auditor did create a classification entitled "country clubs or golf courses" it is illegal because the State Board of Tax Appeals has created the following four classifications of real property: agricultural, residential, commercial and industrial.[2] The creation of any other classification by a County Auditor would be illegal.

I agree with the majority that any issues raised in the complaint regarding the valuation of specific parcels of property cannot be maintained in the declaratory judgment action but can only be attacked by direct appeal from the auditor's valuation through the Board of Revision and by further appeal to the Common Pleas Court or to the State Board of Tax Appeals, but I disagree with the majority when they conclude that the portion of the complaint dealing with the creation of an illegal classification of real property cannot be maintained in this declaratory judgment action.

---

[2] Rules of the Ohio Board of Tax Appeals 5-04(G) (1) through (4)

The Ohio Legislature enacted the Declaratory Judgment Act to give parties a remedy and it is an independent action and may be used as an alternative to any other action. The statute does not state that it may only be used if there is not another available remedy, nor does it state that if there is an alternative remedy it may not be used. Further, a declaratory judgment action may not be brought and maintained in cases where there is an exclusive or specific statutory remedy, but a declaratory judgment action may be brought and maintained in cases involving that same general subject matter when there are issues raised other than those involving the exact issue that could be raised in the exclusive or special statutory proceeding.

The allegations of the complaint meet the statutory requirements of the Declaratory Judgment Act by raising a justiciable controversy; it does not deal with a subject over which there is a specific or exclusive statutory remedy: namely, the valuation of a parcel of property, and the rendering of such a declaratory judgment action would terminate some of the controversy between the parties. The trial court committed prejudicial error in dismissing the complaint.

The judgment of the trial court should be reversed and the trial court should entertain the declaratory judgment action and make a determination of whether the County Auditor created an illegal classification called "country clubs or golf courses." Any issue of valuation of a specific parcel of property may not be maintained in this declaratory judgment action. This action should be limited to the issue of whether the County Auditor did create such an illegal classification.