WAGNER, APPELLANT, *v.* KROUSE, ADMR., ET AL., APPELLEES.

(No. L-82-222—Decided February 25, 1983.)

*Messrs. Cannon, Burns, Mickel, Geller & Abood* and *Mr. John R. Polofka,* for appellant.

---

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Dennis F. Keller,* for appellee Administrator.

*Messrs. Fuller & Henry* and *Mr. Richard S. Baker,* for appellee Toledo Edison Co.

*Per Curiam.* This cause comes on appeal from the Court of Common Pleas of Lucas County wherein a judgment was rendered in favor of appellees on appellant's complaint for a declaratory judgment.

Plaintiff-appellant, Walter Wagner, was injured in 1956 when he received an electrical shock while in the course of his employment with appellee Toledo Edison Co. Appellant filed a workers' compensation claim which was allowed. In 1964, appellant filed an application to have his claim allowed for further injuries which he alleged had developed out of the original injury. The application was denied and appellant appealed to the court of common pleas. While the appeal was pending, appellant settled his claim with Toledo Edison Co., and the Industrial Commission approved the settlement and release agreement in 1967.

In 1975, appellant filed an application to reactivate his claim because he had suffered the amputation of his left leg due to the original injury. The Administrator of the Bureau of Workers' Compensation dismissed the application for the reason that appellant had previously settled his claim. The record suggests that no administrative appeals were filed from said dismissal. In 1976, appellant filed a complaint for equitable relief and declaratory judgment, praying, *inter alia,* that the settlement agreement be set aside due to mutual mistake. On July 22, 1982, the court of common pleas held that appellant had failed to prove mutual mistake and that the settlement agreement was a complete release of appellant's claims. From the judgment of the court of common pleas, appellant now appeals. Appellant's assignments of error are as follows:

"Assignment of Error No. 1: The trial court erred in interpreting the settlement agreement of March 9, 1967 as releasing Mr. Wagner's right to make future claims for disabilities arising out of his industrial injury of November 1, 1956.

"Assignment of Error No. 2: The evidence shows that a mutual mistake of fact was made in this case so that the release between Plaintiff-Appellant and Defendant-Appellees must be voided.

"Assignment of Error No. 3: Public policy behind the Workers' Compensation Act demands that relief be afforded Appellant in this case, requiring Appellees to bear the burden of loss for this compensible [*sic*] injury."

The threshold question in the case at bar is whether the court of common pleas had jurisdiction to hear appellant's complaint for declaratory judgment. This issue involves an examination of the nature of the workers' compensation statutes and the laws providing for declaratory judgments.

The Workers' Compensation Act, subject to several exceptions not pertinent to the case at bar, is the exclusive statutory remedy available to an injured worker in a suit against his employer. *E.g.,* R.C. 4123.74; Section 35, Article II, Ohio Constitution; *Allen* v. *Eastman Kodak Co.* (1976), 50 Ohio App. 2d 216 [4 O.O.3d 179]. The enforcement of the employee's remedy is governed by R.C. Chapter 4123, which provides for administrative resolution of claims and disputes.

The common pleas courts do, however, have a very limited role in workers' compensation cases. R.C. 4123.519 allows for an appeal to the court of common pleas from an administrative decision other than a decision as to the extent of disability. R.C. 4123.519 provides the manner in which an appeal of a decision of the Industrial Commission may be perfected to the court of common pleas. Since a litigant in a workers' compensation case has no inherent right to an ap-

peal, the statute creating the right must be strictly and fully complied with in order to vest jurisdiction in the court of common pleas. *E.g., Cadle* v. *General Motors Corp.* (1976), 45 Ohio St. 2d 28 [74 O.O.2d 50]. In light of the foregoing, it is clear that the court of common pleas has a very limited role in workers' compensation cases, and its jurisdiction is invoked by strict adherence to the requirements of R.C. 4123.519.

The courts also have a role in workers' compensation cases through mandamus actions. However, mandamus will not lie where the relator has a plain and adequate remedy in the ordinary course of the law by way of appeal. *E.g., State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141 [40 O.O.2d 141]. In *State, ex rel. Foley,* v. *Greyhound Lines* (1968), 16 Ohio St. 2d 6 [45 O.O.2d 223], the court held that mandamus is not available to an injured workman where he has available an appeal, under R.C. 4123.519, from an adverse determination of the Industrial Commission. It is clear that the decision of the Industrial Commission in the case *sub judice,* that appellant's claims had been settled, was a decision which could have been appealed to the court of common pleas pursuant to R.C. 4123.519. *Butler* v. *Pittsburgh Plate Glass Co.* (1960), 171 Ohio St. 19 [12 O.O.2d 40]. Accordingly, the facts of the case *sub judice* indicate that the proper remedy for appellant to have pursued was an appeal through the administrative process and then, if necessary, to the court of common pleas pursuant to R.C. 4123.519.

However, appellant contends that the jurisdiction of the court of common pleas over a workers' compensation case can be invoked pursuant to R.C. Chapter 2721, Declaratory Judgments. Although there is language in Civ. R. 57 which indicates that declaratory relief may be rendered, even when another adequate remedy exists, the general rule is that declaratory relief should not be granted where a special statutory proceeding has been pro-

vided. *E.g., State, ex rel. Iris Sales Co.,* v. *Voinovich* (1975), 43 Ohio App. 2d 18 [72 O.O.2d 162]. As stated by the court in *Voinovich:*

"* * * Declaratory relief pursuant to Rule 57 of the Ohio Rules of Civil Procedure is inappropriate where it would result in the by-pass of a special statutory proceeding. The circumvention of these special statutory procedures would nullify the legislative intent to have specialized tax questions initially determined by boards and agencies specifically designed and created for that purpose." *Id.* at 23.

If we were to sanction the use of declaratory relief in the case *sub judice,* litigants in workers' compensation cases would be able to by-pass administrative proceedings and confer jurisdiction upon the common pleas courts in nearly every case. Such a result would be patently against the clear legislative intent to have workers' compensation cases settled through administrative proceedings with review by the court of common pleas only in a limited number of cases and only then where R.C. 4123.519 is strictly complied with.

The above analysis is especially applicable to the case *sub judice* where appellant failed to pursue available appellate remedies from the administrator's determination that appellant had previously settled his claims. In addition to the inappropriateness of declaratory relief where special statutory proceedings are provided, appellant's failure to pursue administrative remedies by way of appeal raises the issue of collateral estoppel. In *Schomaeker* v. *First Natl. Bank* (1981), 66 Ohio St. 2d 304 [20 O.O.3d 285], and *Tootle* v. *Wood* (1974), 40 Ohio App. 2d 576 [69 O.O.2d 522], the courts indicated that an action for a declaratory judgment is improper where the plaintiff has failed to pursue remedies by way of administrative or judicial appellate review.

We conclude that appellant's failure to exhaust available remedies by way of appeal, coupled with his failure to satisfy

the strict requirements necessary to invoke the jurisdiction of the court of common pleas over a workers' compensation case, requires us to find that the Court of Common Pleas of Lucas County lacked jurisdiction to consider appellant's complaint for a declaratory judgment. Accordingly, appellant's assignments of error are found to be not well-taken.

On consideration whereof, the court finds that the Court of Common Pleas of Lucas County lacked jurisdiction over the case *sub judice* and its judgment is, therefore, vacated and held for naught. Cause remanded for assessment of costs. Costs assessed against appellant.

*Judgment accordingly.*

CONNORS, P.J., DOUGLAS and HANDWORK, JJ., concur.