**CELINA MUTUAL INSURANCE COMPANY, Appellant,**

**v.**

**HINKLE et al., Appellees.**

[Cite as *Celina Mut. Ins. Co. v. Hinkle* (1991), 75 Ohio App.3d 192.]

Court of Appeals of Ohio,
Trumbull County.

No. 90–T–4451.

Decided Nov. 4, 1991.

George A. Clark and Orlando J. Williams, for appellant.

Michael S. Harshman, for appellees John and Jamie Hinkle.

Lee Fisher, Attorney General, and Mark E. Mastrangelo, Assistant Attorney General, for appellee Industrial Commission of Ohio.

---

JOSEPH E. MAHONEY, Judge.

On November 11, 1988, appellee, John Hinkle, was injured when he fell through the roof of a building known as the Van Huffle Tubing Plant located on Dietz Road, N.E., in Howland Township, Ohio. The building was allegedly owned by appellees, Dietz Road Limited, a Partnership; Trumbull Supply,

Inc.; and Trumbull Industries, Inc. At the time of the accident, Hinkle was working on the roof pursuant to an arrangement with appellees, Eugene Eliser Construction and Eugene Eliser.

At the time of the accident, Eugene Eliser Construction had an insurance policy with appellant, Celina Mutual Insurance Company. The commercial general liability insurance agreement provided an exclusion for any bodily injury to any employee of the insured arising out of and in the course of employment by the insured.

Hinkle filed a claim with the Industrial Commission of Ohio, claiming entitlement to participate in the Workers' Compensation Fund. He asserted that his employer at the time of the incident was Eugene Eliser and/or Eugene Eliser Construction.

In September 1989, John Hinkle and his wife, Jamie Hinkle, filed a complaint for personal injuries in the Trumbull County Common Pleas Court against, among others, Eugene Eliser Construction and Eugene Eliser. Said case was known as "Hinkle v. Dietz Road Limited, et al.," case No. 89-CV-1266.

On January 22, 1990, appellant filed a declaratory judgment action in the Trumbull County Common Pleas Court. Appellant sought a declaration of the rights and responsibilities of the parties involved in the underlying tort action. Appellant joined all of the parties in the underlying claim for purposes of uniformity and consistency with that suit. Appellant also joined the Industrial Commission of Ohio.

The court was asked to determine whether (1) John Hinkle was an employee of Eugene Eliser Construction and/or Eugene Eliser; (2) Celina Mutual Insurance Company had a duty to defend, indemnify and/or provide coverage for Eugene Eliser Construction and/or Eugene Eliser for the claims being asserted against them in the underlying tort action; (3) Eugene Eliser Construction and Eugene Eliser should be dismissed from the underlying case with prejudice; and (4) the Industrial Commission of Ohio was bound by the trial court's determination concerning the employment relationship between John Hinkle and Eugene Eliser Construction and/or Eugene Eliser.

On June 28, 1990, the Industrial Commission of Ohio filed a motion to dismiss for lack of subject matter jurisdiction. A hearing was held in the trial court on June 29, 1990. On August 1, 1990, the trial court granted the motion to dismiss that had been filed by the Industrial Commission of Ohio. The trial court determined that it did not have jurisdiction to make a decision to bind the Industrial Commission of Ohio and that the determination of whether John Hinkle was an employee must be made through the workers' compensation process.

Additionally, the trial court found that John Hinkle was an independent contractor rather than an employee of Eugene Eliser Construction or Eugene Eliser and, therefore, Celina Mutual Insurance Company had an obligation to defend the underlying case pursuant to the insurance policy covering Eugene Eliser Construction and Eugene Eliser. Further, Eugene Eliser Construction and Eugene Eliser were proper parties in the underlying tort action.

From the judgment of the trial court dismissing the Industrial Commission of Ohio as a party and declaring that John Hinkle was an independent contractor, appellant timely filed a notice of appeal with the following assignments of error:

"1. The trial court erred in granting appellee Industrial Commission of Ohio's motion to dismiss.

"2. The trial court erred in holding that appellee, John Hinkle, was an independent contractor and was not an employee of Eugene Eliser Construction and/or Eugene Eliser.

"3. The court erred in finding that Celina Mutual Insurance Company had a duty to defend Eugene Eliser Construction in the underlying action brought by Hinkle."

In the first assignment of error, appellant contends that the trial court erred in granting the Industrial Commission of Ohio's motion to dismiss. Appellant argues that the Industrial Commission was a necessary party to the declaratory judgment action because it had a legal interest in the outcome of the trial court's decision.

Appellant cites as support for its argument *Bretton Ridge Homeowners Club v. DeAngelis* (1988), 51 Ohio App.3d 183, 555 N.E.2d 663, wherein the Court of Appeals for Cuyahoga County stated:

"The absence of a necessary party is a jurisdictional defect and a declaratory judgment is precluded. * * * " *Id.* at 185, 555 N.E.2d at 666.

The court was interpreting R.C. 2721.12, which provides:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration. No declaration shall prejudice the rights of persons not parties to the proceeding. * * * "

It is appellant's assertion, therefore, that the trial court was without jurisdiction to grant declaratory relief without including the Industrial Commission as a party.

■ The Workers' Compensation Act, however, is the exclusive statutory remedy available to an injured worker in a suit against his employer. *Wagner*

*v. Krouse* (1983), 7 Ohio App.3d 378, 7 OBR 479, 455 N.E.2d 717. The Ohio Supreme Court has held:

"Courts of Common Pleas do not have inherent jurisdiction in workmen's compensation cases but only such jurisdiction as is conferred on them under the provisions of the Workmen's Compensation Act." *Jenkins v. Keller* (1966), 6 Ohio St.2d 122, 35 O.O.2d 147, 216 N.E.2d 379, paragraph four of the syllabus; see, also, *Cook v. Mayfield* (1989), 45 Ohio St.3d 200, 201, 543 N.E.2d 787, 790.

The right of an individual to participate in the Workers' Compensation Fund and the determination of his employment status are matters for the administrative process and are instituted by the filing of a claim with the Bureau of Workers' Compensation. The only time a common pleas court determines a workers' compensation claim is on appeal from a decision of the Industrial Commission. R.C. 4123.519 provides:

"(A) The claimant or the employer may appeal a decision of the industrial commission * * * in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted * * *. Notice of the appeal shall be filed by the appellant with a court of common pleas within sixty days after the date of the receipt of the decision appealed from or the date of receipt of the order of the commission refusing to permit an appeal from a regional board of review. The filings shall be the only act required to perfect the appeal."

■ In the case *sub judice*, the Industrial Commission has not made a determination whether Hinkle was an employee or an independent contractor. The jurisdiction of the trial court was not invoked pursuant to R.C. 4123.519. Therefore, while the trial court may be forced to determine the employment status of Hinkle, for purposes of the pending civil lawsuit, prior to the Industrial Commission's decision, it is clear that the trial court is without authority to bind the Industrial Commission with its decision as that matter is within the province of the Industrial Commission for purposes of Hinkle's workers' compensation claim. As the court stated in *Wagner, supra,* 7 Ohio App.3d at 380, 7 OBR at 481–482, 455 N.E.2d at 719–720:

"If we were to sanction the use of declaratory relief in the case *sub judice*, litigants in workers' compensation cases would be able to by-pass administrative proceedings and confer jurisdiction upon the common pleas courts in nearly every case. Such a result would be patently against the clear legislative intent to have workers' compensation cases settled through administrative proceedings with review by the court of common pleas only in a limited number of cases and only then where R.C. 4123.519 is strictly complied with."

It is clear to this court that this matter should be taken up by the Ohio legislature. The state should consider legislation to alleviate the possibility of double payment or no recovery at all. Either the Industrial Commission should be bound by the court's decision or the court should be bound by the Industrial Commission's decision with respect to whether a worker is an employee or an independent contractor.

However, as the law stands now, and for the foregoing reasons, the trial court did not err in dismissing the Industrial Commission from appellant's declaratory relief action. Appellant's first assignment of error is without merit.

In the second assignment of error, appellant claims that the trial court erred in determining that appellee, John Hinkle, was an independent contractor rather than an employee of Eugene Eliser Construction and/or Eugene Eliser. The trial court found that:

" * * * Defendant, John Hinkle, was not an employee of Eugene Eliser or the Eugene Eliser Construction Company, but rather was an independent contractor; that the arrangements between Eliser and Hinkle clearly show that Hinkle was not treated as an employee; that his returns were filed on a Schedule C form; that he was paid without any withholding or deductions and at the end of the year, Eliser reported the income to Hinkle on an I.R.S. 1099 form."

The test for determining whether a person is an employee or an independent contractor was set forth by the Ohio Supreme Court in *Gillum v. Indus. Comm.* (1943), 141 Ohio St. 373, 25 O.O. 531, 48 N.E.2d 234. There, the court held:

" * * * The principal test applied to determine the character of the arrangement is that if the employer reserves the right to control the manner or means of doing the work, the relation created is that of master and servant, while if the manner or means of doing the work or job is left to one who is responsible to the employer only for the result, an independent contractor relationship is thereby created." *Id.* at paragraph two of the syllabus.

More recently, the Ohio Supreme Court detailed some of the factors that a court should consider in reaching its decision:

" * * * The factors to be considered include, but are certainly not limited to, such indicia as who controls the details and quality of the work; who controls the hours worked; who selects the materials, tools and personnel used; who selects the routes travelled; the length of employment; the type of business; the method of payment; and any pertinent agreements or contracts. * * * " *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 884.

■ In the present case, there was no written contract between the parties. Hinkle began working for Eliser in 1986 pursuant to an oral agreement to work for an hourly wage. Eliser withheld nothing from Hinkle's paycheck for taxes or medical insurance. Hinkle filed his tax returns as an independent contractor, listing his income as business income on a Schedule C tax form. He also took some business expense as deductions on this income.

Evidence in the record further reveals that Hinkle generally worked his own hours. There was no set starting time or finishing time. Hinkle used his best judgment in deciding when to work and when not to work based on weather conditions. Hinkle simply kept track of the number of hours he worked on scraps of paper which he periodically turned over to Eliser.

The only other evidence that Hinkle was not an employee was Eliser's own testimony that he considered Hinkle and all other workers as subcontractors. He stated that he believed that he had no employees.

On the other hand, there was evidence presented that points towards Hinkle's being an employee of Eugene Eliser Construction and/or Eugene Eliser. Hinkle did roofing only for Eliser; he did not work for anyone else in the field of roofing. Hinkle was trained by Eliser and had worked on other jobs provided by Eliser. There were occasions when Eliser would instruct Hinkle to move from one job site to another on a given day.

The record also indicates that virtually all of the tools and equipment used by Hinkle were supplied by Eliser. Hinkle also testified that he would seek the advice of Eliser when a problem arose on the job that he could not solve himself, and that he would occasionally be given unsolicited instructions from Eliser.

Further, Hinkle testified that Eliser had told him in what fashion or in what order the work needed to be completed. The evidence also indicated that Eliser spent a considerable amount of time at the job site working alongside Hinkle.

At trial, Eliser explained a profit-sharing program whereby he would reward the workers on a job with a bonus if the job produced more money than originally expected. There was also evidence that Eliser's workers were given hats, jackets and shirts with the company name printed on them, although Eliser claimed that the name was misspelled on the clothing and it was given away to family members and neighbors in addition to the workers.

Appellant's argument, in essence, is that the trial court's decision that appellee was an independent contractor is against the manifest weight of the

evidence. The Ohio Supreme Court has stated, with respect to the standard of review:

"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. Accord *Frankenmuth Mut. Ins. Co. v. Selz* (1983), 6 Ohio St.3d 169, 6 OBR 227, 451 N.E.2d 1203.

In the present case, it is clear that there was conflicting evidence presented regarding appellee's employment status. There was, however, some competent, credible evidence supporting the trial court's decision. Therefore, the trial court did not err in concluding that appellee was an independent contractor.

Appellant's second assignment of error is without merit.

In the third assignment of error, appellant asserts that the trial court erred in finding that Celina Mutual Insurance Company had a duty to defend Eugene Eliser Construction in the underlying tort action. Since it is this court's opinion that Hinkle was an independent contractor, then it follows that Celina Mutual Insurance Company had a duty to defend Eugene Eliser Construction.

Appellant's third assignment of error is overruled.

For the foregoing reasons, the judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

FORD, P.J., and NADER, J., concur.