JOURNAL ENTRY AND OPINION.
{¶ 1} Plaintiff-appellant Nick Vajda appeals from a judgment of the Cuyahoga County Common Pleas Court that granted defendant-appellee St. Paul Mercury Insurance Company's motion for summary judgment. Vajda argues that the trial court erred in granting St. Paul's motion for summary judgment because he submitted sufficient evidence to demonstrate that a genuine issue of material fact exists as to whether he was an employee of Brentwood Limousine, Inc. For the following reasons we agree and reverse and remand.
 {¶ 2} The record before us reveals that Brentwood Limousine, Inc. is a company that provides limousine services to clients on a hourly basis. This service includes the use of a limousine and a driver for hourly fees ranging between $35 and $150 per hour. Upon entering into a contract for services with a client, Brentwood Limousine will contact a driver from a list and offer them the job. The driver can accept or reject the job offer. Brentwood Limousine provides the vehicle to be used and pays for the gas, maintenance, and insurance relating to the vehicle. Brentwood Limousine pays the driver an hourly wage. Brentwood Limousine does not provide medical or health care benefits to the drivers, does not pay the driver's social security taxes and does not withhold taxes from the pay. Rather, Brentwood Limousine provides its drivers with a 1099 tax form.
 {¶ 3} Vajda began working for Brentwood Limousine as a driver in 1994. He received an hourly wage of $8 from Brentwood Limousine and received 1099 tax forms. In his 1995 tax return, Vajda listed his income as self-employment business income from the operation of a sole proprietorship. The tax return also contains a Schedule SE, for self-employment tax.
 {¶ 4} On October 2, 1995, Vajda was involved in a motor vehicle accident. He was not driving a limousine nor was he working for Brentwood Limousine at the time. Rather, he was riding his own motorcycle on his way to a restaurant to have breakfast. The driver of the vehicle that struck Vajda's motorcycle was unlicensed and uninsured.
 {¶ 5} On January 5, 2001, Vajda filed a complaint alleging that he is entitled to recover uninsured motorist coverage benefits from Brentwood Limousine's automobile liability insurer, St. Paul, pursuant toScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660.
 {¶ 6} In October and November 2001, St. Paul and Vajda filed cross-motions for summary judgment regarding Vajda's employment status at the time of the accident. St. Paul argued that Vajda was an independent contractor, and not an employee, at the time of the accident and therefore not entitled to receive uninsured motorist coverage benefits for the injuries he sustained in his October 2, 1995 motorcycle accident. Vajda argued that there was an issue of fact with regard to his employment status. The trial court granted St. Paul's motion for summary judgment upon finding no genuine issue of fact on the issue of employment status. Specifically, the trial court found that "no reasonable jury could find that [Vajda] was an employee." Vajda now appeals from that judgment and raises one assignment of error for our review.
 {¶ 7} "I. The trial court erred to the prejudice of plaintiff-appellant Nick Vajda in granting defendant St. Paul Mercury Insurance Company's motion for summary judgment."
 {¶ 8} In this assignment of error, Vajda claims that the trial court erred in granting summary judgment in favor of St. Paul because there is a question as to whether he was an employee of Brentwood Limousine at the time of the accident.
 {¶ 9} We begin by noting that an appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105. De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine if, as a matter of law, no genuine issues exist for trial. Brewer v. Cleveland City Schools (1997), 122 Ohio App.3d 378, citing Dupler v. Mansfield Journal (1980), 64 Ohio St.2d 116, 119-120.
 {¶ 10} Summary judgment is appropriate where it appears that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. WillisDay Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
 {¶ 11} The burden is on the movant to show that no genuine issue of material fact exists. Id. Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient; the movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc. which affirmatively demonstrate that the nonmovant has no evidence to support his claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293; Civ.R. 56(C). Unless the nonmovant then sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant.
 {¶ 12} With these principles in mind, we proceed to consider whether the trial court's grant of summary judgment in St. Paul's favor was appropriate.
 {¶ 13} Vajda's complaint alleges that pursuant to Scott-Ponzer v.Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, he is entitled to recover uninsured motorist coverage benefits from St. Paul. InScott-Ponzer, the Supreme Court extended insured status to employees of a corporation. The Supreme Court has not further extended such coverage to independent contractors. See Schumacher v. Kreiner (2000),88 Ohio St.3d 358. Accordingly, Vajda may only recover uninsured motorist coverage benefits from St. Paul if he was an employee of Brentwood Limousine at the time of his accident. Id.
 {¶ 14} In an action to determine whether a person is an employee or an independent contractor, the court must determine who had the right to control the manner or means of doing the work. Bostic v. Connor
(1988), 37 Ohio St.3d 144, 146. The factors to consider include: (1) who controls the details and quality of work; (2) who controls the hours worked; (3) who selects the materials, tools and personnel used; (4) who selects the routes traveled; (5) the length of employment; (6) the type of business; (7) the method of payment; and (8) any pertinent agreements or contracts. Id.
 {¶ 15} Whether someone is an employee or an independent contractor is ordinarily an issue of fact. Id. However, when the evidence is not in conflict, the question of whether a person is an employee or an independent contractor is a matter of law to be decided by the court. Id. All indicia of an employment relationship in a given case must be assessed together as a whole. Harman v. Schnurmacher (1992),84 Ohio App.3d 207, 211.
 {¶ 16} Here, the facts establish that a genuine issue of material fact exists as to whether Vajda was working as an independent contractor or an employee at the time of his injury. Although Brentwood Limousine claims that it did not have the right to control Vajda's work, there is evidence to suggest that it did. Brentwood Limousine determined who the clients were and what vehicles would be used in providing service to those clients. Brentwood Limousine provided the vehicles, paid for the gas and maintenance of the vehicles, and paid for the motor vehicle liability insurance. Although Vajda could accept or decline an assignment at-will, Brentwood Limousine controlled the hours he worked. In addition, Vajda was paid an hourly salary. All of these circumstances tend to establish that Vajda was an employee of Brentwood Limousine. SeeCelina Mutual Insurance Co. v. Hinkle (1991), 75 Ohio App.3d 192;Martinez v. Trimble (Dec. 29, 1995), Lucas App. No. L-95-160.
 {¶ 17} Tending to establish the opposite, however, is the fact that Brentwood Limousine did not deduct taxes from Vajda's pay and issued a 1099 form each year to Vajda for services performed. Indeed, Vajda filed his taxes accordingly. The use of 1099 forms typically suggests that the parties were not acting in an employer/employee relationship, but rather in that of an independent contractor relationship. SeeNortheast Ohio College of Massotherapy v. John Burek (2001),144 Ohio App.3d 196; Pavlick v. James Conrad (Sept. 27, 2001), Cuyahoga App. No. 78705
 {¶ 18} Since the facts concerning this issue are in dispute, the trial court erred in granting St. Paul's motion for summary judgment and denying Vajda's cross-motion for summary judgment.
Judgment reversed and remanded.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., CONCURS.
(See separate concurring opinion attached).
TERRENCE O'DONNELL, J., DISSENTS.
(See dissenting opinion attached).