(No. 11874 — Decided April 24, 1985.)

APPEAL: Court of Appeals for
Summit County.

*L. James Martin,* for appellant.
*Lyn Marie Schott,* for appellee
Gregory Clem.
*Anthony J. Celebrezze, Jr.,* attorney
general, and *Thomas Ciccolini,* for appellee Raymond Connor, Administrator,
Bur. of Workers' Compensation.

GEORGE, P.J.   Plaintiff-appellant,
the city of Stow, challenges a trial court
order finding that it lacked jurisdiction
to hear the city's appeal from the Industrial Commission's determination that
defendant-appellee, Gregory Clem, was
entitled to workers' compensation benefits. This court reverses and remands.

Defendant-appellee, Gregory Clem,
was formerly a C.E.T.A. worker employed by the city. On May 17, 1979, he
sustained a lumbosacral strain within
the course of and arising out of his employment. He filed a claim with the
Bureau of Workers' Compensation
(PE-662539). The city certified the
claim, and Clem began receiving benefits.

Shortly after being injured, Clem
was terminated from the C.E.T.A. program. He sued the city in case number
80-CETA-425 concerning his status as
an employee and his entitlement to certain employment benefits. The C.E.T.A.
case was eventually dismissed when
Clem and the city reached a settlement.
The release signed by Clem to settle the
C.E.T.A. case contained language purportedly settling the workers' compensation claim as well.

On November 18, 1982, Clem experienced further difficulty with his lower
back. On December 30, Clem's claim for
further medical benefits was reactivated, and he received temporary total
disability benefits. The city objected and
moved the Industrial Commission to reconsider the decision to allow further
benefits contending that Clem's
C.E.T.A. release settled his workers'
compensation claim and, thus, barred
him from further participation in the
fund. The commission denied the city's
motion "* * * for the reason that the
relief asked for is not indicated by the
evidence in the file."

The city appealed to the Summit
County Court of Common Pleas. Clem
filed a motion to dismiss alleging a lack
of jurisdiction pursuant to R.C.
4123.519. The court decided that Clem's
right to participate in the fund had been
determined in 1979 and that the commission's latest order concerned the extent of Clem's disability. The city's appeal was dismissed, prompting this appeal.

## ASSIGNMENT OF ERROR

"The common pleas court errored [sic] in granting the appellees' motion to dismiss."

R.C. 4123.519 provides in part:

"The claimant or the employer may appeal a decision of the industrial commission or of its staff hearing officer made pursuant to division (B)(6) of section 4121.35 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state. * * *"

The sole issue presented in this case is whether the commission's failure to recognize that the C.E.T.A. release also settles the workers' compensation claim is a decision regarding Clem's right to participate in the fund or a determination of the extent of his disability.

Ohio law permits a claimant to settle a workers' compensation claim after the claim has accrued providing the consideration for the settlement is adequate. *Butler* v. *Pittsburgh Plate Glass Co.* (1960), 171 Ohio St. 19 [12 O.O.2d 40]; and *State, ex rel. Weinberger,* v. *Indus. Comm.* (1941), 139 Ohio St. 92 [22 O.O. 59]. By releasing his claim, the claimant, in effect, waives his right to participate in the fund.

In the instant case, the initial decision to permit Clem to participate was made in 1979. However, if the release is valid, Clem has waived his right to further participation and should not receive additional compensation. Thus, a decision involving the validity of the release is a reevaluation of his right to participate and not merely a determination of the extent of his disability. As such, it is appealable pursuant to R.C. 4123.519.

In *Butler* v. *Pittsburgh Plate Glass Co., supra,* in the syllabus, the Supreme Court held:

"A determination by the Industrial Commission that it is without jurisdiction to consider a motion for reevaluation of a permanent partial disability for the reason that settlement of the claim was included in a lump-sum settlement of another claim is a 'decision' other than as to the extent of disability and is appealable to the Court of Common Pleas under the provisions of Section 4123.519, Revised Code."

This court believes that the converse, namely a ruling that no settlement was reached, is also an appealable order. See, *e.g., Wagner* v. *Krouse* (1983), 7 Ohio App. 3d 378.

Appellant's assignment of error is well-taken and is hereby sustained. The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with the law and this opinion.

*Judgment reversed and cause remanded.*

MAHONEY, J., concurs.

BAIRD, J., dissents.

BAIRD, J., dissenting. The order appealed from merely related to the duration of. compensation to be paid for injuries determined to be compensable in a previously allowed claim. It was, therefore, a decision as to the extent of disability, and, hence, not appealable. *Hospitality Motor Inns, Inc.* v. *Gillespie* (1981), 66 Ohio St. 2d 206, 212 [20 O.O.3d 209].

The standard to be employed in such cases was described in *State, ex rel. Bosch,* v. *Indus. Comm.* (1982), 1 Ohio St. 3d 94, wherein the syllabus states:

"Once a claimant's right to participate in the Workers' Compensation Fund for an injury to a specific part of the body has been determined, any further determination of the Industrial Commission pertaining to the computa-

tion of compensation payable under the workers' compensation law for that specific injury is as to 'extent of disability,' and is not appealable pursuant to R.C. 4123.519. (*Zavatsky* v. *Stringer,* 56 Ohio St. 2d 386 [10 O.O.3d 503], followed; *State, ex rel. Foley,* v. *Greyhound Lines,* 16 Ohio St. 2d 6 [45 O.O.2d 223], overruled.)"

Accordingly, the order of the trial court should be affirmed.