SHREVE, APPELLEE AND CROSS-APPELLANT, *v.* GENERAL MOTORS CORP., ELYRIA DIV., ET AL., APPELLANTS AND CROSS-APPELLEES.

(Nos. 4121 and 4122—Decided June 17, 1987.)

*Dale A. Nowak,* for appellee and cross-appellant.

*A. Patrick Baughman* and *Leonard J. Pappas,* for appellant and cross-appellee General Motors Corp.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Timothy J. Gauntner,* for appellant and cross-appellee Administrator, Bureau of Workers' Compensation.

GEORGE, J. Richard Shreve, plaintiff-appellee, was injured in the course of his employment and filed a claim for workers' compensation benefits which claim was recognized and allowed. In August 1983, Shreve filed an application to reactivate his claim. A hearing was held before a district hearing officer and the reactivation claim was granted. The regional board of review affirmed the decision of the hearing officer on April 17, 1985.

Fisher Body Elyria Division, General Motors Corp., defendant-appellant and employer, appealed the decision affirming the allowance of the reactivated claim on May 29, 1984, which was twenty-two calendar days after the decision. On April 22, 1985, the commission denied the appeal as being untimely filed. The employer then filed an appeal with the common pleas court pursuant to R.C. 4123.519. Cross-motions for summary judgment

were filed. Shreve's was granted and the employer's was denied. The trial court stated:

"Upon review of the record, the Court finds there is no genuine issue of material Fact, that May 28, 1984 was not a legal holiday for Ohio, that the employer's Notice of Appeal was therefore untimely, and that the Commission's dismissal of said appeal was proper. Claimant-appellee's Motion for Summary Judgment is granted and Employer-Appellant's is denied."

First, as a preliminary matter, does a common pleas court have jurisdiction to entertain an appeal from a decision of the commission finding an employer's appeal to be untimely? Yes.

As was noted in *State, ex rel. O. M. Scott & Sons Co.*, v. *Indus. Comm.* (1986), 28 Ohio St. 3d 341, 343, 28 OBR 406, 408, 503 N.E. 2d 1032, 1034:

"'* * * [A]ny order of the commission may be appealed to the court of common pleas by either party unless the order pertains to the extent of disability. The decision * * * does not relate in any way to the extent of claimant's disability. It follows that the order is appealable under R.C. 4123.519 * * *.'"

While the *Scott* decision concerned the appeal of an order requiring that compensation be paid by the self-insurer rather than the State Insurance Fund, the principles are the same. Thus, the commission's decision here that the appeal was not timely filed, and that it lacked jurisdiction, was not a decision as to the extent of disability and it is, therefore, appealable. *State, ex rel. Federated Dept. Stores, Inc.*, v. *Brown* (1956), 165 Ohio St. 521, 60 O.O. 486, 138 N.E. 2d 248; *Stow* v. *Clem* (1985), 25 Ohio App. 3d 50, 25 OBR 217, 495 N.E. 2d 960; and *Crabtree* v. *Young* (1965), 1 Ohio St. 2d 93, 30 O.O. 2d 335, 204 N.E. 2d 685. Jurisdictional issues are appealable under R.C. 4123.519. See, *e.g., Valentino* v. *Keller* (1967), 9 Ohio St. 2d 173, 38 O.O. 2d 412, 224 N.E. 2d 748.

The employer appeals, urging error in the decision that its appeal was untimely and that the commission thus lacks jurisdiction to act.

The commission's order reads as follows:

"The Staff Hearing Officers find that the employer's appeal filed 5-29-84 was not timely filed and therefore no jurisdiction exists to hear the employer's appeal."

R.C. 4123.516 provides that the employer may appeal the commission's decision within twenty days after the date of receipt of the decision. The employer received the decision on May 7, 1984, thus the twentieth day fell on May 27, 1984, a Sunday. Civ. R. 6(A).

May 28, 1984 was Memorial Day for most of the nation, but not the state of Ohio. Ohio celebrated Memorial Day on May 30 in 1984. The employer's appeal was filed on May 29, 1984.

At the outset it should be noted that statutory appeal procedures are remedial in nature. Thus, such statutes are to be interpreted liberally rather than strictly:

"Statutes providing for appeals and for proceedings with respect to appeals and for limitations on the right of appeal are remedial in nature and should be given a liberal interpretation in favor of a right of appeal." (R.C. 1.11, applied.) *Van Meter* v. *Segal-Schadel Co.* (1966), 5 Ohio St. 2d 185, 34 O.O. 2d 345, 214 N.E. 2d 664, paragraph one of the syllabus.

R.C. 1.11 provides that remedial laws "shall be liberally construed in order to promote their object and assist the parties in obtaining justice."

R.C. 1.14 provides, in pertinent part:

"The time within which an act is required by law to be done shall be

computed by excluding the first and including the last day; except that when the last day falls on Sunday or a legal holiday, then the act may be done on the next succeeding day which is not Sunday or a legal holiday. * * *

"* * *

" 'Legal Holiday' as used in this section means the following days:

"* * *

"(D) the thirtieth day in May, known as Decoration or Memorial Day;

"* * *

"(K) Any day appointed and recommended by the governor of the state or the president of the United States as a holiday. * * *"

In 1984, then, Ohio citizens recognized two Memorial Day holidays, the national holiday on May 28 and the state holiday on May 30. The timeliness of the employer's appeal depends upon whether the national holiday on May 28 was a legal holiday within the meaning of R.C. 1.14. If it was a legal holiday, the time within which the employer's appeal could be filed was extended by one day and would, therefore, have been timely. If it is not a legal holiday, the appeal was not timely.

Ohio, by R.C. 1.14(D), designated May 30 as its Memorial Day. Thus, in 1981, 1982, 1983, and even in 1984, Ohio government offices were closed in observance of Memorial Day on May 30. Subsequently, in 1985, Ohio changed its Memorial Day observance to coincide with the federal holiday.

On February 11, 1971, the President of the United States issued executive order No. 11582, 36 F.R. 2957, declaring the last Monday of May as a holiday. In 1984, that was May 28. On April 13, 1984, a presidential proclamation declared May 28 as a day of prayer for permanent peace in recognition of the. Memorial Day holiday. (Ronald Reagan Proclamation 5180, 49 F.R. 15057.) Thus, May 28, 1984 was a national holiday. It is not disputed that federal courts, federal offices, post offices and states, other than Ohio, observed Memorial Day on May 28, 1984.

Shreve's argument that Ohio had designated May 30 as its Memorial Day by statute, R.C. 1.14(D), and that logically the legislature would not intend that there be a second such holiday, is an appealing argument, but not persuasive.

The name and purpose of a designated holiday is not the significant factor here. Rather, it is significant whether May 28, 1984 was a day "appointed and recommended by * * * the president of the United States as a holiday." If it was so declared, then it is a legal holiday within the meaning of R.C. 1.14(K). It follows therefrom that even though a presidential order declared one date as a holiday for national observance, which is different than the date the state declared for that same holiday, that the nationally declared day is no less a holiday within the purview of the statute. Accordingly, for the purpose of computing the time within which an appeal may be brought under R.C. 4123.516, May 28, 1984 was a legal holiday. As a result, the time within which the employer could bring its appeal was extended by one day. Therefore, the appeal was timely filed.

Shreve assigns as error the trial court's failure to tax statutory attorney fees against the employer. R.C. 4123.519. However, an entry dated October 10, 1986 reads:

"The Court finds an award of attorney's fees in this action is within the letter and spirit of O.R.C. 4123.519. Accordingly, appellee's Motion to Tax Attorney fees against appellant is granted. Pursuant to O.R.C. 4123.519, fees set at 20% of the first $3,000 awarded by the Bureau and 10% of the award above that up to an amount not to exceed $1,500."

It is apparent that Shreve's assignment of error was answered by the action of the trial court in granting attorney fees. This assignment of error is moot.

In view of the foregoing, the judgment of the common pleas court is reversed and the matter is remanded for further proceedings consistent with R.C. 4123.519, including the trial court's certification of this decision to the commission.

*Judgment reversed and cause remanded.*

BAIRD, J., concurs.

MAHONEY, P.J., dissents.