WISE, Appellant,

v.

URBAN INDUSTRIES OF OHIO, INC. et al., Appellees.

[Cite as *Wise v. Urban Industries of Ohio, Inc.*, 158 Ohio App.3d 244, 2004-Ohio-2361.]

Court of Appeals of Ohio,
Third District, Crawford County.

No. 3–03–43.

Decided May 10, 2004.

Adam H. Leonatti, for appellant.

Jim Petro, Attorney General, Thomas L. Reitz, Assistant Attorney General, for appellee Bureau of Workers' Compensation.

SHAW, Presiding Judge.

{¶ 1} Plaintiff-appellant, Robert D. Wise, appeals from the judgment of the Crawford County Common Pleas Court, dismissing for lack of subject-matter jurisdiction his appeal from a decision of the Industrial Commission of Ohio. Wise contends that the Commission's decision not to vacate a previously authorized settlement agreement constitutes an appealable right-to-participate question under R.C. 4123.512. After reviewing the applicable statutory and case law, we find that this is not an appealable right-to-participate question and that the appeal was properly dismissed for lack of subject-matter jurisdiction. Accordingly, the judgment of the trial court is affirmed.

{¶ 2} In November 1995, Wise suffered an injury to his left leg while working at Urban Industries of Ohio, Inc. ("Urban"). Based upon the leg injury, Wise filed a claim seeking to participate in Ohio's workers' compensation program.

Defendant-appellee Ohio Bureau of Workers' Compensation ("BWC") allowed Wise's workers' compensation claim for "fracture, left-tibia—closed." Subsequently, in June 1997, Wise and Urban applied to BWC, seeking approval of a proposed settlement in the amount of $2,000. On July 30, 1997, BWC approved the settlement proposal and terminated Wise's workers' compensation claim.

{¶ 3} In March 2002, Wise brought a motion before a district hearing officer, seeking to have his settlement agreement with Urban vacated and his original workers' compensation claim reinstated. Wise maintained that the settlement agreement was invalid because he lacked the capacity to enter into a contract at the time it was signed and because the settlement application did not comply with the statutory requirements of R.C. 4123.65. The district hearing officer denied Wise's motion, and he appealed the decision to a staff hearing officer. The staff hearing officer denied Wise's appeal, and Wise brought the matter for further appeal before the Industrial Commission of Ohio. The Industrial Commission also denied Wise's appeal, with one Commissioner dissenting. Wise then brought an R.C. 4123.512 appeal of the Commission's ruling in the Crawford County Common Pleas Court.

{¶ 4} BWC filed a motion to dismiss Wise's R.C. 4123.512 appeal based upon a lack of subject-matter jurisdiction. BWC argued that the validity of a workers' compensation settlement agreement was not an appealable right-to-participate question under R.C. 4123.512. BWC also argued that R.C. 4123.65 prevented the appeal of workers' compensation settlement agreements to courts of common pleas. The trial court originally denied BWC's motion but later reconsidered the motion sua sponte and dismissed the appeal based upon a lack of subject-matter jurisdiction. The trial court based the dismissal on the language in R.C. 4123.65(F) preventing the appeal of settlements entered into under R.C. 4123.512. From this judgment Wise appeals, presenting the following three assignments of error for our review.

## Assignment of Error I

The trial court committed prejudicial error when it granted the Appellee BWC's motion to dismiss without first holding an evidentiary hearing on the question of whether the June 2, 1997 workers' compensation settlement agreement had been properly entered into under ORC 4123.65.

## Assignment of Error II

The trial court committed prejudicial error in finding that it lacked subject matter jurisdiction pursuant to ORC 4123.65(F), when the settlement agreement entered into by the parties did not meet the strict requirements of ORC 4123.65.

### Assignment of Error III

The trial court committed prejudicial error in failing to grant summary judgment in favor of Appellant when there existed no genuine issues of material fact in dispute concerning the legal deficiency of the parties' June 2, 1997 settlement agreement and the Appellant's lack of capacity to enter into the June 2, 1997 settlement agreement.

{¶ 5} In his first two assignments of error, Wise challenges the trial court's dismissal of his appeal on jurisdictional grounds. Wise contends that the trial court should have held an evidentiary hearing to determine the validity of the settlement agreement prior to dismissing the case based upon R.C. 4123.65. Because we find that the trial court should have dismissed Wise's appeal for a lack of subject-matter jurisdiction based on other grounds, we will not address the issues that Wise raises in his first two assignments of error.

{¶ 6} It is well established that a common pleas court has jurisdiction over an appeal from an order of the Industrial Commission only when the order denies a claimant's right to participate in Ohio's workers' compensation program. *State ex rel. Liposchak v. Indus. Comm.* (2000), 90 Ohio St.3d 276, 278–279, 737 N.E.2d 519. Determinations by the Industrial Commission going to the extent of the claimant's disability are not appealable and must be challenged through a mandamus action. Id.

{¶ 7} Wise maintains that because a settlement agreement acts as a waiver of participation in the workers' compensation program, any inquiry into the validity of the settlement agreement concerns an appealable right-to-participate issue. In support of this contention, Wise cites *Butler v. Pittsburgh Plate Glass Co.* (1960), 171 Ohio St. 19, 12 O.O.2d 40, 168 N.E.2d 150; *Stow v. Clem* (1985), 25 Ohio App.3d 50, 25 OBR 217, 495 N.E.2d 960; and *Wagner v. Krouse* (1983), 7 Ohio App.3d 378, 7 OBR 479, 455 N.E.2d 717. However, Wise ignores the Ohio Supreme Court's more recent case, *State ex rel. Liposchak v. Indus. Comm.* (2000), 90 Ohio St.3d 276, 737 N.E.2d 519, which extensively discusses the definition of the right to participate under Ohio's workers' compensation law.

{¶ 8} In determining what is an appealable right-to-participate question, the Ohio Supreme Court has defined the right to participate as "whether an employee's injury, disease, or death occurred in the course of and arising out of his or her employment." *Liposchak*, 90 Ohio St.3d at 279, 737 N.E.2d 519. Specifically addressing inconsistencies and irregularities in past definitions of the right to participate, the court stated that "under our most recent precedent, any issue other than whether the injury, disease, or death resulted from employment does not constitute a right-to-participate issue." Id. at 280, 737 N.E.2d 519.

{¶ 9} Herein, it is uncontested that Wise's injury occurred during the course of his employment with Urban. BWC acknowledged Wise's right to participate in the workers' compensation program in a separate proceeding prior to the existence of even the proposed settlement. Neither side challenges the fact that Wise had a right to participate in workers' compensation. Nor is either side claiming that an additional injury has arisen related to the original accident. Rather, Wise merely wants his settlement vacated so that he can increase the amount of compensation he originally received. This issue clearly goes to the extent of the disability and is unappealable.

{¶ 10} Therefore, following the most recent precedent established by the Supreme Court, we find that a decision of the Industrial Commission determining the validity of a settlement agreement does not concern an appealable right-to-participate question. Accordingly, the trial court was without jurisdiction to hear the appeal, and it was properly dismissed.

{¶ 11} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

Judgment affirmed.

CUPP and THOMAS F. BRYANT, JJ., concur.