[Cite as *Unifund CCR Partners, Inc. v. Piaser*, 2019-Ohio-183.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| UNIFUND CCR PARTNERS, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellees, | : | |
| - vs - | : | **CASE NO. 2016-A-0076** |
| LISA R. PIASER, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2010 CV 80.

Judgment: Affirmed in part, reversed in part, and remanded.

*Alan H. Abes* and *Elizabeth M. Shaffer,* Dinsmore & Shohl, LLP, 255 East Fifth Street, Suite 1900, Cincinnati, OH 45202 (For Plaintiffs-Appellees).

*Robert S. Belovich,* 9100 South Hills Boulevard, Suite 320, Broadview Heights, OH 44147; and *Anand N. Misra,* The Misra Law Firm, L.L.C., 3659 Green Road, #100, Beachwood, OH 44122 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Lisa R. Piaser, appeals the judgment of the Ashtabula County Court of Common Pleas in favor of appellee, Unifund CCR Partners, et al. ("Unifund"), denying in part her motion for class certification on her counterclaim for violations of the federal Fair Debt Collection Practices Act ("FDCPA"). At issue is whether the trial court abused its discretion in denying class-action certification to the "Time-Bar Class"

identified in Ms. Piaser's motion. For the reasons that follow, we affirm in part, reverse in part, and remand.

{¶2} On October 15, 2009, Unifund filed a complaint against appellant in the Ashtabula County Municipal Court to collect an alleged credit card debt. The account was opened in April 2000, and the last payment she made was on July 5, 2000, leaving a balance of $267. Unifund alleged that Providian National Bank was the original creditor and that Unifund purchased the account from Providian.

{¶3} In her first amended answer and counterclaim, appellant denied the material allegations of the complaint. She also asserted individual and class counterclaims, alleging Unifund violated the FDCPA, and the Ohio Consumer Sales Practices Act ("CSPA") and committed various common law torts. Appellant alleged Unifund is a debt collector under the FDCPA, and is in the business of acquiring and collecting defaulted consumer credit card debt. She alleged that Unifund violated the FDCPA by filing actions against her and others that were barred by the statute of limitations and without obtaining an assignment of their accounts. Appellant prayed for damages and injunctive relief. Upon assertion of her counterclaims, the municipal court transferred the case to the common pleas court.

{¶4} Appellant admitted in deposition that she opened a credit card account with Providian in April 2000 during a telephone solicitation and that after the card was sent to her, she received monthly statements at the address she provided to Providian. She admitted she incurred several charges on the account. She made payments between April and July 2000, when she sent her last payment.

{¶5} Jeffrey Shaffer, Unifund's Vice-President of Operations, stated via affidavit that in 2004, Unifund purchased appellant's account from Providian. At that time

2

Providian sent Unifund electronic information regarding the account, including appellant's name, address, phone number, social security number, account number, balance ($267), interest rate (11.99%), and the date (July 5, 2000) and amount ($105) of her last payment.   Appellant admitted the accuracy of this information in her deposition.   Providian also provided Unifund with a copy of an Account Agreement containing the written terms and conditions applicable to appellant's account.   He said that, based on the April 6, 2000 date on which appellant opened her account and further based on the time period during which the account agreement applied, the account agreement Providian provided applied to her account.   He said that Unifund attached to the complaint a true and accurate copy of the account agreement.

{¶6}   On September 1, 2010, Unifund filed a motion for summary judgment on appellant's counterclaims. On June 28, 2013, the trial court entered summary judgment in Unifund's favor on appellant's common law claims, leaving only her counterclaims for violations of the FDCPA and the CSPA.   Further, in its summary judgment entry, the court made findings regarding the Time-Bar Class.   Appellant alleged in her counterclaim that Unifund knowingly filed a time-barred collection suit against her. Unifund argued on summary judgment that its claim was not time-barred because it was filed within the then 15-year statute of limitations governing written contracts in Ohio.  In contrast, appellant argued the claim was time-barred by the six-year limitations period governing oral contracts or the three-year limitations period under New Hampshire law, pursuant to the choice-of-law provision in the agreement produced in the pleadings. The court found the account agreement was subject to the 15-year statute of limitations.

{¶7}   On January 16, 2014, appellant filed a motion to compel discovery, in which she sought additional information regarding, inter alia, the Time-Bar Class.   On

3

September 4, 2014, the court held that further discovery on this issue was not appropriate because the court had already decided the complaint was properly filed within the 15-year statute of limitations.

{¶8} On December 14, 2014, appellant filed a motion seeking to certify her counterclaims as a class action and Unifund filed a brief in opposition. Despite the court's earlier ruling that Unifund filed its claim against appellant within the statute of limitations, appellant sought to certify the Time-Bar Class, alleging that Unifund sued her and other class members outside the statute of limitations. She also asked the court to certify another class, which she called the "Incompetence Class," alleging that Unifund sued her and others without a valid statutory assignment of the debt.

{¶9} On December 6, 2016, the trial court entered judgment on appellant's motion to certify. The court: (1) denied appellant's motion to reconsider the court's June 28, 2013 judgment finding that Unifund timely filed its suit within the 15-year limitations period; (2) denied her motion to certify the Time-Bar Class; and (3) granted her motion to certify the Incompetence Class, but only as to her claim under the FDCPA, not as to her claim under the CSPA. Thus, the class action would proceed only as to the Incompetence Class on appellant's claim for a violation of the FDCPA.

{¶10} Appellant appealed that judgment and in *Unifund CCR Partners v. Piaser*, 11th Dist. Ashtabula No. 2016-A-0076, 2018-Ohio-3016, this court affirmed the judgment of the trial court. Appellant subsequently filed an application for reconsideration. Upon reconsideration, this court concluded it had either failed to address or did not fully address appellant's arguments. The application was therefore granted. The following determinations of the trial court are currently before us: (1) the trial court's 2013 judgment finding the 15-year statute of limitations applied; (2) the 2014

4

judgment denying her motion to compel discovery regarding the Time-Bar Class; and (3) that part of the 2016 judgment denying her motion for reconsideration of the court's 2013 judgment applying the 15-year statute. She asserts two assignments of error. For her first, she alleges:

{¶11} "The trial court erred to the prejudice of defendant-appellant in finding that the Time-Bar Class failed the class certification requirement that the named representative must be a member of the class."

{¶12} As a preliminary matter, the only judgment that is immediately appealable is the trial court's 2016 judgment on appellant's motion for class certification. Appellant appeals the court's judgment denying certification to the Time-Bar Class.

{¶13} In appellant's notice of appeal, she stated she was appealing the 2013 and the 2014 judgments "to the extent they relate to class certification." She also indicated in her docketing statement that the three appealed judgments were subject to immediate appeal under R.C. 2505.02(B)(5) as orders determining that an action may or may not be maintained as a class action.

{¶14} An order is final when it satisfies one of seven categories set forth in R.C. 2505.02(B), including R.C. 2505.02(B)(5), which provides: "An order is a final order * * * when it is [a]n order that determines that an action may or may not be maintained as a class action." Courts construe R.C. 2505.02 strictly to allow immediate review of only "the initial determination regarding whether an action may be maintained as a class action." *Strickler v. First Ohio Banc & Lending, Inc.*, 9th Dist. Lorain No. 15CA010893, 2016-Ohio-5876, ¶13. Thus, courts routinely dismiss appeals that use R.C. 2505.02(B)(5) as a means to review orders that did not *initially* determine whether claims could be maintained as a class action. *Gabbard v. Ohio Bureau of Workers'*

5

*Comp.*, 10th Dist. Franklin Nos. 02AP-976 and 02AP-1168, 2003-Ohio-2265, ¶33 ("R.C. 2505.02(B)(5) allows appeals from the initial decision to certify or not to certify a class, but does not provide for an appeal of [a] trial court's decision to modify or not to modify the class membership.").

{¶15} The 2013 judgment entered summary judgment against Ms. appellant as to some of her claims and made a finding regarding the statute of limitations applicable to Unifund's claim. The 2014 judgment simply denied appellant's motion to compel discovery. Neither of these judgments determined whether appellant's action may be maintained as a class action. Further, neither of these judgments complies with any of the other categories of final orders in R.C. 2505.02(B). Moreover, the 2013 judgment denying some, but not all, of appellant's claims was not final because it did not include the "no just reason for delay" language in Civ.R. 54(B). Under that rule, the court may enter final judgment as to one or more, but less than all, claims upon a finding of no just reason for delay. Because the 2013 entry did not include the Civ.R. 54(B) language, that judgment was not a final order. Further, Civ.R. 54(B) did not apply to the 2014 discovery order because it did not adjudicate any claims. For these reasons, the 2013 and the 2014 judgments are not final, appealable orders and this court does not have jurisdiction to address them.

{¶16} The Supreme Court of Ohio has held that "[a] trial judge has broad discretion in determining whether a class action may be maintained and that determination will not be disturbed absent a showing of an abuse of discretion." *Marks v. C.P. Chem. Co., Inc.*, 31 Ohio St.3d 200 (1987), syllabus. Thus, appellate courts generally give trial courts broad discretion in deciding whether to certify a class. *Hamilton v. Ohio Savings Bank*, 82 Ohio St.3d 67, 70 (1998). The Ohio Supreme Court

6

has stated that "the appropriateness of applying the abuse-of-discretion standard in reviewing class action determinations is grounded * * * in the trial court's special expertise and familiarity with case-management problems and its inherent power to manage its own docket." *Id.*, citing *Marks, supra*, at 201.

{¶17} However, "the trial court's discretion in deciding whether to certify a class action * * * must be exercised within the framework of Civ.R. 23. The trial court is required to carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied." *Hamilton, supra*. Where the trial court's written decision granting class certification provides an articulated rationale sufficient to support an appellate inquiry into whether the relevant factors were properly applied, the trial court does not abuse its discretion in conducting its rigorous analysis. *Baughman v. State Farm Mut. Auto. Ins. Co.*, 88 Ohio St.3d 480, 483 (2000). However, when a court's judgment that would ordinarily be reviewed for an abuse of discretion is based on an erroneous interpretation of the law, we apply the de novo standard of review. *Medical Mutual of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, ¶13.

{¶18} "The following seven requirements must be satisfied before an action may be maintained as a class action under Civ.R. 23: (1) an identifiable class must exist and the definition of the class must be unambiguous; (2) *the named representatives must be members of the class*; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be

met." (Emphasis added.) *Jacobs v. FirstMerit Corp.*, 11th Dist. Lake No. 2013-L-012, 2013-Ohio-4308, ¶24.

{¶19} Appellant alleged in her counterclaim that Unifund is a "debt collector" whose litigation activity is subject to the FDCPA. She alleged that Unifund violated Section 1692e of the FDCPA by filing actions to collect time-barred debts against her and other class members. Section 1692e provides that a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." A debt collector violates this section by, among other things, falsely representing "the character, amount, or legal status of any debt." *See* Sec. 1692e(2)(A). As courts in other jurisdictions have pointed out, "'[c]ommon sense dictates that whether a debt is time-barred is directly related to the legal status of that debt.'" *Gervais v. Riddle & Assocs., P.C.*, 479 F.Supp.2d 270, 277 (D.Conn.2007), quoting *Shorty v. Capital One Bank*, 90 F.Supp.2d 1330, 1331 (D.N.M.2000).

{¶20} Appellant was only entitled to have the trial court certify the Time-Bar Class if she was able to satisfy each of the seven class-action requirements as to that class, including the requirement that "the named representatives must be members of the class." *Jacobs, supra.* Appellant defined the Time-Bar Class to include those individuals who Unifund sued "beyond the shorter of: (1) the period of limitation determined under the laws of Ohio, and (b) the period of limitation determined under the laws of the state where the headquarters of the alleged credit card issuing bank is located [New Hampshire]."

{¶21} The parties agree that resolution of appellant's motion to certify the Time-Bar Class turns on which state's statute of limitations applies to the court action. If, as appellant argues, Ohio's six-year statute of limitations or New Hampshire's three-year

8

statute of limitations applies, she is a member of the class. If, however, as Unifund argues, Ohio's former 15-year limitations period for written contracts applies, the collection lawsuit was timely filed and appellant is not a member of the class.

{¶22} Initially, Unifund argues that we lack jurisdiction to determine whether the 15-year statute of limitation applies because the court made this conclusion in its 2013 summary judgment entry, which was not a final order. Unifund, however, is incorrect because the trial court's premise for denying certification was its application of the15-year statute.

{¶23} Facially, Unifund's position makes sense. Upon examination, however, following Unifund's reasoning would place the trial court's judgment beyond meaningful review, contrary to R.C. 2505.02(B)(5) (which provides that an order that determines that an action may or may not be maintained as a class action is a final appealable order). An appellate court cannot review a trial court's conclusion without considering its rationale. Here, the trial court's legal conclusion, that appellant was not a member of the class, was premised upon its rationale that Ohio's former 15-year statute of limitation governed the matter. In order to review the conclusion for error, we must, at the same time, assess the validity of this premise. The two points are logically inseparable. We shall therefore proceed to consider the basis of the trial court's decision to deny certification.

{¶24} Appellant argues that the account agreement issued with the credit card is not a written contract, but rather is an oral contract. Thus, she argues that Unifund's claim would be barred under either Ohio's six-year statute for oral contracts or under New Hampshire's three-year statute per the choice-of-law provision in the account agreement. For the reasons that follow, we conclude the trial court erred in applying

9

Ohio's 15-year statute of limitations to the underlying matter. Instead, because Ohio's borrowing statute applies, New Hampshire's three-year statute of limitations applies. And because New Hampshire's limitations period is the same for both oral and written contracts, the issue of whether the contract is oral or written is of no import.

{¶25} R.C. 2305.03(B), Ohio's borrowing statute, provides:

{¶26} No civil action that is based upon a cause of action that accrued in any other state, territory, district, or foreign jurisdiction may be commenced and maintained in this state if the period of limitation that applies to that action under the laws of that other state, territory, district, or foreign jurisdiction has expired or the period of limitation that applies to that action under the laws of this state has expired.

{¶27} Statutes of limitations are remedial in nature and, as a result, R.C. 2305.03(B) applies to proceedings commenced after its adoption. *Taylor v. First Resolution Investment Corp.*, 148 Ohio St.3d 627, 2016-Ohio-3444, at ¶54. In *Taylor*, the Court analyzed the interplay of the borrowing statute in relation to the accrual date of a cause of action on a credit card debt and whether the application of the statute was unconstitutionally retroactive as applied to the facts of the case. The Court held that the application of the borrowing statute, which, in that case, involved the application of Delaware's three-year statute of limitations, did not unconstitutionally extinguish a vested right in violation of Retroactivity Clause. The Court determined that a cause of action accrues on a credit card debt when the debtor fails to make her minimum payment. *Id.* at ¶49. In *Taylor*, that date was January 2005. The Court determined the borrowing statute applied because the claim accrued in Delaware three months before the April 2005 effective date of the borrowing statute. Hence, even though the three-year limitations period commenced running in January 2005, the creditor still had two years and nearly eight months to file suit. The Court held that a limitations period,

10

already running, may be shortened by a borrowing statute as long as a period of time is allowed that is sufficiently long to allow a reasonable time to file suit. *Id.* at ¶57. In *Taylor*, shortening the limitations period under the borrowing statute would not have vitiated the creditor's action because it would still have had almost three years to sue. Thus, the Court held this was a reasonable amount of time to file suit. *Id.* at ¶58.

{¶28} For the following reasons, *Taylor* is distinguishable from the instant case; nevertheless, the borrowing statute applies to Unifund's cause of action, and we conclude its cause of action is barred by New Hampshire's statute of limitations.

{¶29} Neither party disputes that Unifund's cause of action accrued on July 5, 2000, the date at which appellant failed to make her payment. R.C. 2305.03(B) "applies to civil actions 'commenced and maintained' in Ohio *after the effective date of the statute.*" *Taylor*, *supra*, at ¶54. Unifund commenced its action on October 15, 2009 and thus, the limitations period of the state in which Unifund's predecessor in interest collected its debt governs Unifund's action; in this case, that state is New Hampshire. And there is no dispute that New Hampshire has a three-year statute of limitations on a claim for breach of contract, including a credit card contract. See N.H. Rev. Stat. Ann. Sec. 508:4(1).

{¶30} With the foregoing in mind, Unifund *could not* commence the action in Ohio in 2009 because its claim expired on July 5, 2003, nearly nine months prior to its purchase of the account in April 2004. In effect, by purchasing appellant's account in 2004, Unifund bought an account on which it could not collect in Ohio after April 2005, i.e., the effective date of R.C. 2305.03(B). Put plainly, the cause of action on the account has been dead in Ohio since the codification of Ohio's borrowing statute.

11

Unifund, therefore, *never possessed* a vested right which the borrowing statute could extinguish.

{¶31} Applying the plain language of the borrowing statute to the facts of this case, the trial court erred in applying Ohio's former 15-year statute of limitations to Unifund's claim. Accordingly, the trial court erred in concluding appellant was not a member of the proposed Time-Bar Class.

{¶32} As noted above, in order to certify a class action under Civ.R. 23, the movant must show, by a preponderance of the evidence, that seven requirements are met. *See Warner v. Waste Mgt., Inc.*, 36 Ohio St.3d 91, 94. In erroneously finding appellant was not a member of the Time-Bar Class, the trial court determined any analysis of the remaining six elements was unnecessary and moot. Because the trial court did not consider the remaining requirements of Civ.R. 23(B), we have no analysis to evaluate for error. On remand, therefore, the trial court shall address remaining elements for class certification and determine whether appellant has met her burden.

{¶33} Appellant's first assignment of error is sustained.

{¶34} For her second assigned error, appellant alleges:

{¶35} "The trial court abused its discretion in overruling defendant-appellant's motion to compel discovery of information relevant to the court's inquiry of defendant-appellant's motion for class certification."

{¶36} This assigned error refers to the court's 2014 judgment denying appellant's motion for additional discovery regarding the Time-Bar Class. Because, however, this judgment is not a final order, this assignment of error lacks merit. In any event, appellant concedes that Unifund produced enough discovery materials to support her motion to certify the Time-Bar Class. Moreover, she does not specify what

12

additional information she needed or how not having it would prejudice her. Appellant speculates that, should the Time-Bar Class be certified, she will need additional discovery to prosecute the class claims. If, on remand, the trial court deems class certification proper, appellant may then move the trial court anew for additional discovery. Appellant's request is, at this time, unripe.

{¶37} Appellant's second assignment of error is without merit.

{¶38} Unifund asserts three cross-assignments of error. They contend:

{¶39} "[1.] The trial court did not abuse its discretion in denying Ms. Piaser's motion to certify a time-bar class because Ms. Piaser's claims are not common to or typical of the purported class claim.

{¶40} "[2.] The trial court did not abuse its discretion in denying Ms. Piaser's motion to certify a time-bar class because Ms. Piaser did not satisfy Civ.R. 23(B)(2).

{¶41} "[3.] The trial court did not abuse its discretion in denying Ms. Piaser's motion to certify a time-bar class because Ms. Piaser did not satisfy Civ.R 23(B)(3)."

{¶42} As discussed above, because the trial court determined appellant was not a class member, it did not consider the remaining requirements of class certification. We are unwilling to "'consider alternate grounds in support of a motion for summary judgment'" for the first time on appeal where the trial court has not engaged in a review of the issue in the first instance. *Allstate Ins. Co. v. Smeltzer,* 9th Dist. Summit No. 25136, 2011-Ohio-2632, ¶15, quoting *Guappone v. Enviro-Cote*, Inc., 9th Dist. Summit No. 24718, 2009-Ohio-5540, ¶12.

{¶43} For the reasons stated in this opinion, appellant's first assignment of error is sustained. Her second assignment of error and Unifund's cross-assignments of error are overruled. It is the order and judgment of this court that the judgment of the

Ashtabula County Court of Common Pleas is affirmed in part, reversed in part, and remanded.

TIMOTHY P. CANNON, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

14