[Cite as *Black v. Girard*, 2020-Ohio-1562.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| MILES BLACK, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED, et al., | : | **O P I N I O N** |
| | : | |
| Plaintiffs-Appellees, | : | **CASE NO. 2019-T-0050** |
| - vs - | : | |
| CITY OF GIRARD, OHIO, et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2018 CV 01256.

Judgment: Affirmed.

*Thomas A. Zimmerman*, Zimmerman Law Offices, P.C., 77 West Washington Street, Suite 1220, Chicago, IL 60602, and *Marc E. Dann*, *Brian Daniel Flick*, and *Michael Andrew Smith*, The Dann Law Firm, 2728 Euclid Avenue, Suite 300, P.O. Box 6031040, Cleveland, OH 44103 (For Plaintiffs-Appellees).

*James M. Popson* and *Robert E. Cahill,* Sutter O'Connell Co., 1301 East Ninth Street, 3600 Erieview Tower, Cleveland, OH 44114 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, the City of Girard, appeals the July 12, 2019 Judgment Entry of the Trumbull County Court of Common Pleas, granting plaintiffs-appellees' Amended Motion for Class Certification. For the following reasons, we affirm the decision of the court below.

{¶2} On July 16, 2018, plaintiffs, Miles Black, Melissa Black aka Melissa Hyde,

Lorraine Morris, John Perfette, Samuel Rotz, and John Beal, filed a Class Action Complaint for Violation of the Ohio Constitution, Declaratory Judgment, Equitable Restitution, Violation of the Ohio Consumer Sales Protection Act, and Negligent Misrepresentation against defendants, the city of Girard, Ohio, and Blue Line Solutions, LLC.

{¶3} The Complaint identified Girard as an Ohio municipality authorized to ticket persons who exceed the speed limits along Interstate 80 within its boundaries. Blue Line operates an automatic traffic enforcement system on behalf of Girard.

{¶4} On July 18, 2018, the plaintiffs filed a Motion for Class Certification.

{¶5} On August 15, 2018, Girard filed a Motion to Dismiss, pursuant to Civil Rule 12(B)(6), for failure to state a claim upon which relief can be granted. The plaintiffs responded on August 30, 2018. Girard filed a Reply in Support of the Motion to Dismiss on September 10, 2018.

{¶6} On September 17, 2018, Blue Line filed a Motion to Dismiss, pursuant to Civil Rule 12(B)(6), for failure to state a claim upon which relief can be granted. The plaintiffs responded on October 18, 2018. Blue Line filed a Reply Brief to the Plaintiffs' Response on October 24, 2018.

{¶7} On November 21, 2018, the trial court ruled on the Motions to Dismiss. The court noted:

> According to the complaint, each Plaintiff was issued a citation for speeding in the City of Girard between the time frame of December 7, 2017 to January 7, 2018. During this time frame, the posted speed limit on the subject area of Interstate 80 was 55 mph. According to the Plaintiffs, the speed limit in the subject area should have been 65 mph since the Ohio Department of Transportation had completed construction in the subject area on December 7, 2017. The citations were issued by the City of Girard, however,

2

Blue Line operates the traffic enforcement system according to the complaint.

{¶8} The court dismissed the plaintiffs' claims for violations of the Ohio Consumer Sales Practices Act and negligent misrepresentation. The court ruled that "the motions are denied as to the remaining claims for due process violations, declaratory judgment, equitable restitution, and civil conspiracy."

{¶9} On December 5, 2018, Blue Line filed its Answer to Plaintiffs' Class Action Complaint. On December 17, 2018, Girard filed its Answer.

{¶10} On May 2, 2019, the plaintiffs filed an Amended Motion for Class Certification. On May 31, 2019, Girard and Blue Line filed individual Briefs in Opposition to the Amended Motion for Class Certification. The plaintiffs filed a Reply on June 14, 2019. With leave of court, Girard and Blue Line jointly filed a Surreply in Opposition to the Amended Motion for Class Certification.

{¶11} On July 12, 2019, the trial court issued its ruling on the Amended Motion for Class Certification. The court granted the following "General Class":

> All persons and entities who were issued a citation for allegedly traveling in excess of 55 m.p.h. in violation of Girard City Ordinance 333.03 and/or Traffic Code Ordinance 8069-16, between December 7, 2017 and January 7, 2018, in the westbound lane of Interstate 80 within the municipal limits of the City of Girard.

The court defined a "Subclass 1 of this general class definition" as follows:

> All persons and entities who were issued a citation for allegedly traveling in excess of 55 m.p.h. in violation of Girard City Ordinance 333.03 and/or Traffic Code Ordinance 8069-16, between December 7, 2017 and January 7, 2018, in the westbound lane of Interstate 80 within the municipal limits of the City of Girard, and who paid any fines, penalties or fees related to the citation.

The court defined a "Subclass 2 of the general class definition" as follows:

3

All persons and entities who were issued a citation for allegedly traveling in excess of 55 m.p.h. in violation of Girard City Ordinance 333.03 and/or Traffic Code Ordinance 8069-16, between December 7, 2017 and January 7, 2018, in the westbound lane of Interstate 80 within the municipal limits of the City of Girard, and who have not paid any fines, penalties or fees related to the citation, and whose citation was not found not liable at a hearing.

{¶12} On August 9, 2019, Girard filed a Notice of Appeal. On appeal, Girard raises the following assignments of error:

{¶13} "[1.] The trial court erred by failing to undertake the required rigorous analysis, which includes probing the underlying merits of the Appellees' claims, for the purpose of determining whether Appellees have satisfied the prerequisites of Civ.R. 23."

{¶14} "[2.] The trial court erred by certifying a class action because the certified class is overly broad and Appellees failed to establish by a preponderance of the evidence the requirements of Civ.R. 23(A)."

{¶15} An action may be maintained as a class action "if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Civ.R. 23(A).

{¶16} In addition to these prerequisites, "[a] class action may be maintained if * * * the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Civ.R. 23(B)(3); *In re Consol. Mtge. Satisfaction Cases*, 97 Ohio St.3d 465, 2002-Ohio-6720, 780 N.E.2d 556, ¶ 7.

4

{¶17} Finally, there are "[t]wo prerequisites * * * implicitly required by Civ.R. 23": the class must be identifiable and unambiguous, and the class representatives must be members of the class. *Warner v. Waste Mgt., Inc.*, 36 Ohio St.3d 91, 521 N.E.2d 1091 (1988), paragraphs one and two of the syllabus, 96; *Hamilton v. Ohio Savings Bank*, 82 Ohio St.3d 67, 71, 694 N.E.2d 442 (1998).[1]

{¶18} "A trial court must conduct a rigorous analysis when determining whether to certify a class pursuant to Civ.R. 23 and may grant certification only after finding that all of the requirements of the rule are satisfied; the analysis requires the court to resolve factual disputes relative to each requirement and to find, based upon those determinations, other relevant facts, and the applicable legal standard, that the requirement is met." *Cullen v. State Farm Mut. Auto. Ins. Co.*, 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, paragraph one of the syllabus.

{¶19} "A party seeking certification pursuant to Civ.R. 23 bears the burden of demonstrating by a preponderance of the evidence that the proposed class meets each of the requirements set forth in the rule." *Id.* at paragraph three of the syllabus.

{¶20} "A trial judge has broad discretion in determining whether a class action may be maintained and that determination will not be disturbed absent a showing of an abuse of discretion." *Marks v. C.P. Chem. Co., Inc.*, 31 Ohio St.3d 200, 509 N.E.2d 1249 (1987), syllabus; *Vinci v. American Can Co.*, 9 Ohio St.3d 98, 459 N.E.2d 507 (1984), paragraph one of the syllabus. The abuse of discretion standard "applies to the

---

1. The Ohio Supreme Court in *Hamilton* identified the seven necessary requirements before an action could be maintained as a class action as follows: "(1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met." *Id.* at 71.

ultimate decision of the trial court, * * * as well as to its determination regarding each requirement of the rule." *Cullen* at ¶ 19. Nevertheless, as in civil cases generally where "the burden of persuasion is only by a preponderance of the evidence, * * * evidence must still exist on each element (sufficiency) and the evidence on each element must satisfy the burden of persuasion (weight)." *Id.* at ¶ 20, citing *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 19.

{¶21} With respect to the mandate for the trial court to "conduct a rigorous analysis" as to whether class certification is appropriate, this court has held: "Where the trial court's written decision granting class certification provides an articulated rationale sufficient to support an appellate inquiry into whether the relevant factors were properly applied, the trial court does not abuse its discretion in conducting its rigorous analysis." *Unifund CCR Partners v. Piaser*, 2019-Ohio-183, 131 N.E.3d 233 (11th Dist.), ¶17, citing *Baughman v. State Farm Mut. Auto. Ins. Co.*, 88 Ohio St.3d 480, 483, 727 N.E.2d 1265 (2000).

{¶22} The arguments in Girard's assignments of error overlap to a certain extent. In the first assignment, Girard broadly argues that the trial court failed to conduct a "rigorous analysis" as to whether class certification is appropriate. Arguments that the court failed to conduct a rigorous analysis with respect to particular findings are made under both assignments but will be considered by this court under the second assignment of error.

{¶23} Under the first assignment of error, Girard asserts that the "trial court's complete failure to perform the rigorous analysis that is required of it in order to certify a class suggests that the trial court erroneously interpreted the law" so that this court

6

"should review [its] decision using a de novo standard, rather than an abuse of discretion standard." Appellant's brief at 11. Girard relies on the following proposition of law: "At the certification stage in a class-action lawsuit, a trial court must undertake a rigorous analysis, which may include probing the underlying merits of the plaintiff's claim, but only for the purpose of determining whether the plaintiff has satisfied the prerequisites of Civ.R. 23." *Stammco, L.L.C. v. United Tel. Co. of Ohio*, 136 Ohio St.3d 231, 2013-Ohio-3019, 994 N.E.2d 408, syllabus.

{¶24} Girard's assertion that the trial court completely failed to conduct a rigorous analysis stems from the trial court's failure to address arguments it raised which probed the underlying merits of the plaintiffs' claims. For example, Girard notes that, between December 7, 2017 and January 7, 2018, 7,733 motorists were issued citations on I-80 in Girard. Of this number, only 157 motorists contested their citations by requesting a review hearing pursuant to R.C. 4511.098(A)(5). Of the motorists who contested their citations, "66 were found liable and paid some of the amount in response to their violation." Yet the court failed "to analyze whether the failure of the vast majority of the proposed class to contest their citations via an administrative hearing constitutes a waiver of their claims," thereby limiting the proposed class to 66 members. Appellant's brief at 8. The court likewise failed "to analyze whether Appellees' sought-after remedy of equitable restitution is limited to the 66 motorists who did not receive complete relief from an administrative appeal." *Id.* at 9.

{¶25} Alternatively, the trial court failed to consider the argument that members of the proposed class who were cited for traveling at speeds in excess of 75 m.p.h. would nonetheless have violated the speed limit if the allegedly proper limit of 65 m.p.h.

7

had been posted. *Id.* at 7. Again, the court failed to consider "whether the failure of two thirds of the [named plaintiffs] to contest their citations via an administrative hearing would create a fatal division in the proposed class." *Id.* at 10.

{¶26} We reject Girard's argument that the trial court so completely failed to conduct a rigorous analysis that its judgment must be reversed as a matter of law. The arguments which Girard claims the trial court failed to consider go far beyond the limited probing of the underlying merits for the purposes of determining whether the prerequisites of Civil Rule 23 have been satisfied sanctioned by *Stammco*. Rather, these arguments concerning the exhaustion of administrative remedies and/or the validity of the citations issued directly address the merits of the plaintiffs' claims and only tangentially affect the prerequisites for certification. *Binder v. Cuyahoga Cty*, 2019-Ohio-1236, 134 N.E.3d 807, ¶ 81 (8th Dist.) ("the affirmative defense of failure to exhaust administrative remedies * * * is an issue regarding the merits that must be proven") and 147 (the existence of an injury-in-fact "is a merit issue and is not something typically addressed in determining whether a class should have been certified").

{¶27} The plaintiffs note that similar arguments were raised in Girard's Motion to Dismiss and rejected by the trial court. Neither that rejection nor the court's failure to address the arguments in ruling on the Motion for Class Certification are determinative of their merit. The Ohio Supreme Court has recognized that such arguments may be properly addressed at trial or in a summary-judgment motion. *Stammco*, 136 Ohio St.3d 231, 2013-Ohio-3019, 994 N.E.2d 408, at ¶ 39. Assuming, arguendo, that there are only 66 viable members in the proposed class, the Ohio Supreme Court has held

8

that such a number is sufficient for certification. *Warner*, 36 Ohio St.3d at 97, 521 N.E.2d 1091 ("[i]f the class has more than forty people in it, numerosity is satisfied") (citation omitted).

{¶28} Finally, we rely on this court's holding in *Piaser* that, where the trial court's decision articulates a rationale sufficient to permit appellate review of the particular findings necessary for certification, the court does not abuse its discretion with respect to conducting a rigorous analysis. *Piaser*, 2019-Ohio-183, at ¶ 17. The lower court's Entry granting certification is sufficient to support appellate review. The validity of its analysis with respect to specific factors will be considered under the second assignment of error.

{¶29} The first assignment of error is without merit.

{¶30} Under the second assignment of error, Girard contends that the certified class is overly broad and fails to satisfy the requirements of Civil Rule 23(A).

{¶31} Girard's initial argument is that the certified class is overly broad. Girard relies on the following: "If * * * a class is defined so broadly as to include a great number of members who for some reason could not have been harmed by the defendant's allegedly unlawful conduct, the class is defined too broadly to permit certification." (Citation omitted.) *Stammco*, 136 Ohio St.3d 231, 2013-Ohio-3019, 994 N.E.2d 408, at ¶ 53. Here, "those traveling in excess of 75 m.p.h. and the 949 class members who have not paid their citations were not damaged by Girard's enforcement of the posted speed limit." Therefore, "the trial court certified a class that is overly broad by including a great number of motorists who were not damaged." Appellant's brief at 15.

{¶32} We reject the proposition that the certified class is overly broad for two

9

reasons. First, the plaintiffs' position is that all the issued citations were invalid regardless of the actual speeds traveled by the motorists. *See* Class Action Complaint at ¶ 73 ("Plaintiffs * * * are entitled to a declaration that the Citations issued on the I-80 Non-Construction Zone * * * are invalid and unenforceable"). The validity of the citations is one of the underlying issues in this case and does not properly bear on the preliminary issue of class certification. *Ojalvo v. Bd. of Trustees of Ohio State Univ.*, 12 Ohio St.3d 230, 233, 466 N.E.2d 875 (1984) ("[c]lass action certification does *not* go to the merits of the action"). Likewise, it is the plaintiffs' contention that class members who have not paid their citations may nonetheless suffer injury inasmuch as their citations remain subject to collection as well as late charges and penalties. Class Action Complaint at ¶ 52. The lower court recognized the issue by defining two subclasses, one including persons who have paid their fines and the other including those who have not paid them.

{¶33} Second, the overbreadth of the certified class in *Stammco* was not simply a matter of the defined class including persons who could not have been injured, but of being able to determine which unnamed class members had been injured. The certified class in *Stammco* was defined as persons who were billed for unauthorized telephone service charges. The definition was found to be "too broad" because the defendant had "no records regarding which charges are authorized and which are not": "every person who was billed a third-party charge for which [the defendant] had no prior authorization is now a class member even if the third-party charge was proper." *Stammco*, 136 Ohio St.3d 231, 2013-Ohio-3019, 994 N.E.2d 408, at ¶ 56. In the present case, by contrast, it is the plaintiffs' contention that none of the citations were proper. Moreover, even if

10

the actual speed of the class members should prove to be material, that information is in the parties' possession and is readily determinable.

{¶34} Girard next argues that "the certified class is not readily identifiable and is ambiguously defined" as evidenced by the "numerous attempts to define a class and the fact that it took over a year to arrive at the final version." Appellant's brief at 15-16. The amount of time between the filing of the Complaint and class certification has no bearing on whether the class is readily identifiable or ambiguously defined. As a practical matter, the class defined by the trial court is essentially the same as the class proposed in the Complaint. Moreover, Girard's own appellate brief readily identifies the class as comprising 7,733 motorists of whom 6,784 have paid their citations (subclass 1) and 949 have not paid them (subclass 2).

{¶35} Girard next argues that the numerosity requirement of Civil Rule 23(A)(1) was not satisfied in light of the fact that only 66 class members have a potentially viable claim. Girard's argument proceeds as follows: The plaintiffs' declaratory judgment claim is not viable because a special statutory proceeding to contest the citations exists pursuant to R.C. 4511.099 and, as a matter of law, the remedy of declaratory judgment is precluded. *See State ex rel. Iris Sales Co. v. Voinovich*, 43 Ohio App.2d 18, 19, 332 N.E.2d 79 (1975) ("[a] general rule regarding declaratory judgments is that where a special statutory method for the determination of a particular type of case has been provided, it is not proper to by-pass this statutory procedure by means of a declaratory judgment action").

{¶36} Girard's argument continues: Of the three remaining causes of action for due process, civil conspiracy, and equitable restitution, the claims for civil conspiracy

11

and equitable restitution are wholly dependent on the due process claim establishing a basis for liability. However, only 66 members of the certified class have a viable due process claim "because all other class members either successfully challenged their citations through an administrative hearing or waived their right to contest the citations by failing to timely contest the citations in an administrative hearing." Appellant's brief at 19; R.C. 4511.098(A)(5) ("[t]he failure to request a hearing within [the] time period constitutes a waiver of the right to contest the violation and ticket, and is deemed to constitute an admission of liability and waiver of the opportunity to contest the violation").

{¶37} As noted above, Girard's arguments relate to the underlying merits of the plaintiffs' claims rather than the ability to define a class for the purpose of facilitating the "adjudication of disputes involving common issues between multiple parties in a single action." *Planned Parenthood Assn. of Cincinnati, Inc. v. Project Jericho*, 52 Ohio St.3d 56, 62, 556 N.E.2d 157 (1990). Naturally, the plaintiffs contest Girard's claims. *See, e.g., Lycan v. Cleveland*, 8th Dist. Cuyahoga Nos. 107700 and 107737, 2019-Ohio-3510, ¶ 24 (where "any participation in the City's administrative hearing process would have been futile * * * the class was not required to exhaust administrative remedies prior to pursuing the current judicial remedy"). At this stage of the proceedings, however, it is neither appropriate nor necessary to determine these issues which, as noted above, may be addressed at trial or on summary judgment. Also, as noted above, even if the certified class were comprised of only 66 members, the Ohio Supreme Court has held that this number is sufficient to satisfy the numerosity requirement. *Warner*, 36 Ohio St.3d at 97, 521 N.E.2d 1091.

{¶38} Girard argues that the commonality requirement of Civil Rule 23(A)(2) was not satisfied "in light of the class members' varying speeds and because only a fraction of the class sought to contest their violation through an administrative hearing." Appellant's brief at 20. Girard admittedly employs the "same analysis" with respect to the commonality requirement as it did with respect to numerosity: "[b]ecause every motorist who did not timely seek an administrative hearing waived his or her right to contest the citation * * * the commonality of the questions of law extend solely to the 66 motorists who sought an administrative hearing but did not receive complete relief." *Id.* at 21.

{¶39} The trial court determined that the "legal questions raised by the proposed subclasses would have common questions of law," although the "questions of fact for each might be substantially different as to speed, location and response to receipt of the citation." The court recognized that the division of the general class into one subclass of "those who paid the citation in some manner" and another subclass of "those that did not" would help "to separate those factual issues not germane to the entire group." The court's analysis is reasonable. The issues raised by Girard as preventing class certification are essentially the common questions of law satisfying this requirement.

{¶40} Girard argues that the typicality requirement of Civil Rule 23(A)(3) was not satisfied because only two of the named plaintiffs (Rotz and Beal) timely sought administrative hearings. The failure of the remaining four named plaintiffs (Black, Hyde, Morris, and Perfette) "to timely seek an administrative hearing to contest the speeding citations is fatal to their claims and will set up a dichotomy in the class between those limited few who sought an administrative hearing and the vast majority of those who did

13

not." Appellant's brief at 22.

{¶41} As presently defined, the fact that only Rotz and Beal sought administrative hearings does not prevent the plaintiffs from satisfying the typicality requirement. Black, Hyde, Morris, and Perfette have paid their fines and so represent subclass 1 while Rotz and Beal have not paid and so represent subclass 2. As yet, there has been no determination as to the affirmative defense of failing to exhaust administrative remedies. Assuming, arguendo, that Girard ultimately prevails on its arguments regarding exhaustion and only the claims of the 66 members who sought administrative hearings remain viable, Rotz' and Beal's claims would still be typical of these members: they sought an administrative hearing, failed to obtain complete relief, and have not paid their fines.

{¶42} Finally, Girard argues that the adequacy requirement of Civil Rule 23(A)(4) was not satisfied "in light of two thirds of Appellees failing to contest their citations" and so "will be antagonistic to the one third of Appellees and members of the class who timely sought an administrative hearing to contest the speeding citations." Appellant's brief at 23. We disagree.

{¶43} To the extent that the failure to exhaust administrative remedies will deny any recovery to those plaintiffs that did not request a hearing, Black, Hyde, Morris, and Perfette will fairly and adequately protect the interests of those plaintiffs inasmuch as their claims are subject to dismissal on the same grounds.

{¶44} The second assignment of error is without merit.

{¶45} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, granting the plaintiffs' Amended Motion for Class Certification, is

14

affirmed.  Costs to be taxed against the appellant.


TIMOTHY P. CANNON, P.J.,

MARY JANE TRAPP, J.,

concur.

15